This is an action for the wrongful death of a minor.
Matthew Conner, the minor's father, brought suit for wrongful death, alleging negligence and wanton misconduct against a state trooper, defendant Ralph Bradford, who was on duty and in pursuit of a motorist at the time of the minor's death. Bradford answered the complaint, denying he was legally responsible for the minor's death. He also claimed the minor was guilty of contributory negligence. The trial court, during the course of the proceeding, granted an order substituting Willie's mother, Willie Jean Smith, as plaintiff. The case was tried before a jury, which returned a verdict in favor of Bradford. Smith appeals here, raising two issues.
 I
First, Smith contends the trial court erred in refusing to charge the jury on wantonness. She contends that there was sufficient evidence of Bradford's wanton misconduct, and, therefore, the trial court should have charged the jury on wantonness.
We must assume that Smith is actually claiming that the trial court erred in granting a directed verdict in favor of Bradford on the wantonness count. We so treat her claim. Consequently, the standard of review is not whether there was a genuine issue of material fact, as Smith argues here, but whether there was sufficient evidence *Page 528 
to prevent a directed verdict on the wantonness count.
The following is well-established:
 "[A] motion for directed verdict and its corollary motion for judgment notwithstanding the verdict objectively test the sufficiency of the evidence:
 "`[U]nder our system, the jury must be allowed to pass on the evidence if any, no matter how slight, is offered, which, if believed, would support a verdict in favor of the party against whom a directed verdict is sought.'
 Herston v. Whitesell, 374 So.2d 267, 270 (Ala. 1979). See also, Rule 50, A.R.Civ.P., and Casey v. Jones, 410 So.2d 5, 7 (Ala. 1981).
 "A directed verdict is proper only where there is a complete absence of proof on a material issue or where there are no controverted questions of fact on which reasonable people could differ. See Caterpillar Tractor Co. v. Ford, 406 So.2d 854 (Ala. 1981)."
Deaton, Inc. v. Burroughs, 456 So.2d 771, 775 (Ala. 1984).
The question of whether there was proof of wantonness must be determined by the facts and circumstances of each case. 456 So.2d at 775, citing Cooper v. Watts, 280 Ala. 236,191 So.2d 519 (1966). In considering the question as to whether there was evidence from which the jury could find for Smith on the wantonness count in this case, we must consider the evidence most favorable to Smith. Graves v. Wildsmith, 278 Ala. 228,177 So.2d 448 (Ala. 1965).
Viewing the evidence in a light most favorable to Smith, we find the facts to be as follows:
On August 22, 1982, 13-year-old Willie Earl Conner was riding his bicycle home from the grocery store with his older brother. The boys were riding along the northbound side of Alabama Highway 69, a four-lane road, between Tuscaloosa and Moundville, Alabama. The defendant, Trooper Ralph Bradford, was proceeding southbound on Highway 69 in his patrol car. He was clocking northbound traffic with radar. He clocked a speeding vehicle and made a U-turn into the northbound lanes. He did not see the boys on their bicycles at this time.
After turning, he saw no other cars between him and the vehicle he was pursuing. He proceeded northbound without turning on his blue lights or siren, in an attempt to reduce the distance between his patrol car and the speeding vehicle, and in order to identify the vehicle.
Bradford was traveling between 80 and 90 miles per hour, when he saw reflectors approximately 300 to 500 feet in front of him. He was in the right, outermost lane when he saw reflectors which appeared to be in that lane or along the shoulder of the road. He then immediately moved over to the left innermost lane, and when it appeared that the reflectors were moving into the lefthand lane, he applied his brakes. His vehicle skidded approximately 265 feet in the left lane. Bradford, believing that he had passed the reflectors, partially released his brakes. He traveled 96 feet and then struck Willie Earl Conner and his bicycle. Willie died four days later.
The elements of wanton conduct were defined by this Court inKilcrease v. Harris, 288 Ala. 245, 259 So.2d 797 (1972), and reiterated in Deaton, Inc. v. Burroughs, 456 So.2d 771 (Ala. 1984), as follows:
 "`"Wantonness" is the conscious doing of some act or the omission of some duty under the knowledge of the existing conditions, and conscious that from the doing of such act or omission of such duty injury will likely or probably result. . . . Wantonness may arise [when one has] knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law bring on disaster. . . . Wantonness may arise after discovery of actual peril, by conscious failure to use preventive means at hand. . . . Knowledge need not be shown by direct proof, but may be shown by adducing facts *Page 529 
from which knowledge is a legitimate inference.'"
456 So.2d at 775.
We find that there was at least a scintilla of evidence presented from which the jury could have determined that Bradford's conduct was wanton. First, Bradford acknowledged that he did not turn on his blue light, siren, or emergency flashers. Of course, a law enforcement officer, under certain circumstances, may exceed the maximum speed limit set by law. Code 1975, § 32-5A-7, provides that a law enforcement officer may "[e]xceed the maximum speed limits so long as he does not endanger life or property." This section further provides, as follows:
 "(c) The exemptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of an audible signal meeting the requirements of section 32-5-213 and visual requirements of any laws of this state requiring visual signals on emergency vehicles."
Second, Bradford testified that when he saw the reflectors ahead of him, he was traveling in excess of 80 miles per hour and believed himself in a hazardous and perilous situation. Third, after observing the reflectors, Bradford changed lanes and applied his brakes after "the reflection that I saw appeared to be moving to the left or into the lefthand lane." He testified: "I applied my brakes [and] at a certain point I felt that I had passed whatever the object the reflectors were on and I started letting up off my brakes at that time but I never totally let up off the brakes."
In her brief, Smith argues as follows:
 "Trooper Bradford gave no warning of his impending arrival upon the unsuspecting child, he did not activate his spot light to see if he had actually passed the moving reflectors, and he did not even attempt to stop his vehicle because he assumed he had passed the bikes. When viewing the facts in a light most favorable to the plaintiff, a jury could have found he was recklessly indifferent to the consequences because he continued forward at the cost of a young life."
We believe a jury question was presented on the issue of Bradford's wantonness, and the facts set out support Smith's contention that the directed verdict in favor of Bradford on the wanton misconduct count was erroneous.
 II
Second, Smith contends that as to the negligence count, there was insufficient evidence to rebut the presumption that Willie, 13 years, 7 1/2 months old, was incapable of contributory negligence and, therefore, contends that the trial court erred in submitting this issue to the jury.
A child between the ages of 7 and 14 is prima facie incapable of contributory negligence; however, he may be shown to be capable of contributory negligence by a showing that he possessed that discretion, intelligence, and sensitivity to danger which an ordinary 14-year-old child possesses. King v.South, 352 So.2d 1346 (Ala. 1977).
We have reviewed the record and find that there is at least a scintilla of evidence that Willie possessed the maturity and sensibility of an ordinary 14-year-old. McWhorter v. Clark,342 So.2d 903, 905 (Ala. 1977). Willie had completed the seventh grade in school and would have started the eighth grade in the fall. He had built his bicycle from scratch, collecting the parts and assembling them himself, without help. Willie rode his bike to school on the four-lane highway. Based on the foregoing, we must conclude that there is at least a scintilla of evidence that Willie possessed the discretion, intelligence, and sensitivity to danger of an ordinary 14-year-old. The judgment of the trial court is due to be affirmed on this issue.
AFFIRMED, IN PART; REVERSED, IN PART, AND REMANDED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur. *Page 530