512 So.2d 50 (1987)
Willie Jean SMITH, as mother of Willie Earl Conner, a deceased minor
v.
Ralph BRADFORD.
85-530.
Supreme Court of Alabama.
May 22, 1987.
Rehearing Denied July 24, 1987.
*51 Steven D. Tipler and Michael S. Herring of Tipler, Roden & Hayes, Birmingham, for appellant.
William J. Donald and William J. Donald III of Donald, Randall, Donald & Hamner, Tuscaloosa, for appellee.
BEATTY, Justice.
This action for the wrongful death of a minor has been before this Court previously. Smith v. Bradford, 475 So.2d 526 (Ala. 1985). All the facts regarding this accident, in which a 13-year-old boy on his bicycle was struck by a state trooper car, are set forth in that opinion.
Suit was brought on two counts: one for negligence and the other for wantonness. After our first remand, the case was retried. The jury returned a verdict for the defendant, Bradford, on both counts. The determinative issue before this Court is whether, in the second trial, the court erred in admitting into evidence testimony as to the defendant's training and instruction in "catch-up" driving, when that driving practice is directly contrary to Code 1975, § 32-5A-7(c). We find that it was error; thus, we reverse and remand.
The evidence at issue showed that "catch-up" driving is a practice taught to state troopers by their instructors. "Catch-up" driving involves catching up to a speed violator without the use of the trooper car's blue lights or siren until the trooper is close enough to identify a violator's tag and vehicle. The testimony showed that Bradford was taught not to use the car's lights and sirens until after he had caught up with a speed violator. Apparently, it was thought that this practice would prevent the violator from initiating a high speed chase in an attempt to elude the trooper. The trial court admitted all the testimony about Bradford's training in "catch-up" driving, despite the fact that the practice of "catch-up" driving is directly contrary to the provisions of Code of 1975, § 32-5A-7(c).
The driver of an authorized emergency vehicle is permitted to exceed the maximum speed limit, but § 32-5A-7(c) provides that "[t]he exemptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of an audible signal meeting the requirements of section 32-5-213 and visual requirements of any laws of this state requiring visual signals on emergency vehicles." (Emphasis added.) Bradford was engaged in *52 "catch-up" driving without the use of his car's blue lights or siren at the time he struck and killed Willie Conner.
Apparently, this evidence of "catch-up" driving instruction was admitted for the sole purpose of showing the defendant's lack of wantonness. Smith argues here, as she did at trial, that this evidence was, among other things, both irrelevant to the issues in the case and prejudicial to her because, regardless of the purpose for which it was offered, the evidence tended to establish an "excuse" for the trooper's conduct. We agree with Smith's argument.
Wantonness, or the elements thereof, was defined as follows by this Court in its previous opinion in this case:
"`"Wantonness" is the conscious doing of some act or the omission of some duty under the knowledge of the existing conditions, and conscious that from the doing of such act or omission of such duty injury will likely or probably result.... Wantonness may arise [when one has] knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law brings on disaster.... Wantonness may arise after discovery of actual peril, by conscious failure to use preventive means at hand.... Knowledge need not be shown by direct proof, but may be shown by adducing facts from which knowledge is a legitimate inference.'"
475 So.2d at 528-29 (quoting Deaton, Inc. v. Burroughs, 456 So.2d 771, 775 (Ala. 1984).
We fail to see how the evidence of "catch-up" training or instruction could be at all relevant to this count of wantonness. As is aptly pointed out by counsel for Smith, there was no claim brought against the trooper's supervisors, and, therefore, no issue of respondeat superior. Bradford's argument that the evidence goes to the question of knowledge is without merit. It begs the question: Knowledge of what? The knowledge gained from having been taught to dangerously operate his vehicle, in violation of the law, could in no way lessen his knowledge that, in fact, the practice of operating the vehicle in the manner taught constituted the doing of an act or the omission of some duty, from which, under the circumstances of this case, it should have been known that it was likely or probable that injury would result.
The prejudice which can result from the admission of such evidence is obvious. It unnecessarily puts before the jury evidence of an "excuse" or "justification" for the conduct which has been committed when there is no legal basis for such an excuse or justification. Such prejudice has long been recognized by this Court as a sufficient basis for reversal. See Maddox v. Hunt, 281 Ala. 335, 342, 202 So.2d 543, 549 (1967) (wherein it was said: "[N]o custom or usage can prevail which conflicts with an established principle of law.... A custom or usage contrary to a statute ought not to be considered"). See generally, 25 C.J.S. Customs & Usages, § 10, at 121 (1966) ("[A] custom which violates an express command of a statute will not serve as a justification of the violator's conduct"); 21A Am.Jur.2d Customs & Usages, § 31, at 759 (1981) ("[A] usage or custom cannot be relied upon to prevent conduct which would otherwise be regarded as tortious from being illegal").
It follows that the judgment of the trial court must be, and it is hereby, reversed and the cause remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
JONES, ALMON, SHORES and ADAMS, JJ., concur.
TORBERT, C.J., MADDOX, HOUSTON and STEAGALL, JJ., dissent.
TORBERT, Chief Justice (dissenting).
I must respectfully dissent. The majority misconstrues the issue of wantonness in this case. As we said in our previous opinion in this case, "`"Wantonness" is the conscious doing of some act or the omission of some duty under the knowledge of the existing conditions, and conscious that from the doing of such act or omission of *53 such duty injury will likely or probably result....'" 475 So.2d at 528 (quoting Deaton, Inc. v. Burroughs, 456 So.2d 771, 775 (Ala.1984)). The majority's discussion of "knowledge" is an exercise in faulty logic. They are basically saying: "catch-up" driving is dangerous; Bradford was taught "catch-up" driving; therefore, Bradford knew that "catch-up" driving was likely to result in injury. There is a gap in such reasoning. Being taught a dangerous procedure does not necessarily mean that one knows that it is dangerous.
The issue in this case is whether Bradford was conscious that from the doing of such act ("catch-up" driving) injury would likely or probably result. He had been taught that "catch-up" driving was the safest procedure in those circumstances; such training is very relevant to the element of consciousness, which is the key to the count of wantonness.
Further, the case of Maddox v. Hunt, 281 Ala. 335, 202 So.2d 543 (1967), dealt with the inadmissibility of custom contrary to statute in the context of setting aside a default judgment. Wantonness was not at issue in the Maddox v. Hunt discussion as to the admissibility of custom. Counsel has not cited any case that holds that evidence of this sort is not admissible on the issue of wantonness, and I have not found any. Wanton or willful misconduct implies mental action. Thompson v. White, 274 Ala. 413, 420, 149 So.2d 797, 804 (1963). Since consciousness is a key element of wantonness, I would hold that the trial court did not err when it admitted evidence of Bradford's training in "catch-up" driving.
MADDOX, HOUSTON and STEAGALL, JJ., concur.
MADDOX, Justice (dissenting).
The defendant here has been tried twice, and this is the second time this case has been here. At the first trial, a jury found the defendant trooper not guilty of simple negligence. On the first appeal, I authored the opinion for the Court, which reversed the judgment for the defendant trooper because the trial judge failed to instruct the jury on wantonness.
On this second appeal, the majority has found that the trial judge committed prejudicial error in admitting evidence of the defendant's training and instruction in "catch-up" driving. I do not believe this was error, and I concur with what the Chief Justice has written in his dissent on this point, but, even assuming it was error, I believe it was harmless. Rule 45, Ala.R. App.P., provides that "[no] judgment may be reversed or set aside, nor new trial granted in any civil ... case on the ground of ... the improper admission ... of evidence,... unless in the opinion of the court to which the appeal is taken or application is made, after an examination of the entire cause, it should appear that the error complained of has probably injuriously affected substantial rights of the parties." (Emphasis added.) After an examination of the entire cause, and being aware that two juries have now exonerated the defendant trooper, I would not authorize a new trial; therefore, I must respectfully dissent.