Appeal by plaintiff, Chester Baker, from judgment notwithstanding the verdict or a conditional new trial in favor of defendant, Manelle Helms, in plaintiff's action based on alleged negligence and wanton conduct. We affirm.
The action arose out of a motor vehicle/pedestrian collision between Manelle Helms's pickup truck and Chester Baker. At approximately 4:30 p.m. on April 19, 1985, Mrs. Helms was driving her truck south on Alabama Highway 273 in Cherokee County. It was a clear and dry day. As Mrs. Helms approached the Yellow Creek Falls Fish Camp, she noticed a northbound car slowing down to a stop in its lane. Mrs. Helms testified that this car came to a stop in the center of the northbound lane; that although she saw no turn signal, she speculated that the car was preparing for a left turn into the fish camp, which was located west of the highway; that no other vehicles were in the immediate vicinity; that she did not see anyone get out of the stopped car; and that the car remained at rest as she approached it at a speed of 40 to 45 m.p.h. According to Mrs. Helms, the moment she began to pass the stopped car, plaintiff Chester Baker emerged running from behind it, attempting to cross the highway. She said she immediately applied her brakes, but did not have time to blow her horn or swerve to avoid hitting him. Mrs. Helms's truck struck Chester after he had entered the southbound lane and while he was several feet away from safely reaching the edge of the highway.
Chester was 18 years old at the time of the accident. He suffered a broken leg, internal injuries, and various scrapes and bruises. He testified that he had received a ride to the fish camp from Michael Hunter and that Mr. Hunter had driven partially off the road, straddling the northbound lane and the shoulder. Chester said he got out of the car and went to the rear so he could cross over to the fish camp. Chester stated that, as Hunter's car began to drive away, he looked north and south for approaching vehicles before attempting to cross the highway. Although Chester had apparently stated in his deposition that Mr. Hunter's car had blocked his vision to the north, he maintained at trial that his view of the highway was unobstructed as he looked to his right and to his left. Chester claims that he then began to cross the highway at a "fast walk" and was struck by Mrs. Helms.
On December 5, 1985, Chester filed the complaint in this action through his mother and next friend, Kathleen Baker, alleging that Mrs. Helms had operated her pickup truck in a "negligent or wanton fashion," so as to cause serious bodily injury to plaintiff. Kathleen Baker claimed damages for loss of services and claimed medical expenses. The defendant's answer denied liability and alleged contributory negligence. At the conclusion of plaintiff's case, defendant moved for a directed verdict. While the trial judge denied defendant's directed verdict on the negligence claim, he did grant the directed verdict on the wantonness claim. The jury returned a $40,000 verdict for the plaintiff and judgment was entered thereon. Thereafter, the trial court granted defendant's motion for JNOV and conditionally granted a new trial. This appeal followed.[1]
Plaintiff presents two issues for review:
(1) Whether the trial court committed reversible error in granting defendant a directed verdict on the wantonness count.
(2) Whether the trial court committed reversible error in granting defendant's motion for JNOV.
 I.
The following principles relating to the first issue are well established:
 " '[A] motion for directed verdict and its corollary motion for judgment notwithstanding the verdict objectively test the sufficiency of the evidence: *Page 1243 
 " ' "Under our system, the jury must be allowed to pass on the evidence if any, no matter how slight, is offered, which, if believed, would support a verdict in favor of the party against whom a directed verdict is sought." '
 "Herston v. Whitesell, 374 So.2d 267, 270 (Ala. 1979). . . .
 " 'A directed verdict is proper only where there is a complete absence of proof on a material issue or where there are no controverted questions of fact on which reasonable people could differ. . . .'
 "Deaton, Inc. v. Burroughs, 456 So.2d 771, 775
(Ala. 1984).
 "The question of whether there was proof of wantonness must be determined by the facts and circumstances of each case. 456 So.2d at 775, citing Cooper v. Watts, 280 Ala. 236, 191 So.2d 519
(1966)."
Smith v. Bradford, 475 So.2d 526, 528 (Ala. 1985); See alsoCollins v. Shelley, 514 So.2d 1358, 1360 (Ala. 1987).
The elements of wanton conduct set out by this Court inDeaton, Inc. v. Burroughs, 456 So.2d 771 (Ala. 1984), and reiterated in Smith v. Bradford, 475 So.2d 526 (Ala. 1985):
 " 'Wantonness' is the conscious doing of some act or the omission of some duty under the knowledge of the existing conditions, and conscious that from the doing of such act or omission of such duty injury will likely or probably result. . . . Wantonness may arise [when one has] knowledge that persons, though not seen, are likely to be in a position of danger, and with conscious disregard of known conditions of danger and in violation of law brings on disaster. . . . Wantonness may arise after discovery of actual peril, by conscious failure to use preventive means at hand. . . . Knowledge need not be shown by direct proof, but may be shown by adducing facts from which knowledge is a legitimate inference."
475 So.2d at 528.
In considering whether there was evidence from which the jury could find for Chester Baker in this case, we must "accept the adduced evidence most favorable to [him] as true, and indulge in such reasonable inferences as the jury was free to draw from the evidence." Randolph v. Kessler, 275 Ala. 73, 75,152 So.2d 138, 139 (1963).
Even viewing the evidence most favorably for Chester Baker, we fail to find a scintilla of evidence of wantonness on Mrs. Helms's part. Mrs. Helms testified that she had an unobstructed view of the Hunter car stopping on the highway as she approached it and yet did not see Chester exit the car and go to the rear; and that the first time she became aware of his presence was when he emerged from behind the Hunter car and crossed in front of her pickup truck. Chester presented evidence that Mr. Hunter had started to drive away before the accident happened. Thus, he argues that Mrs. Helms should have been able to either see him earlier or swerve to the left and avoid hitting him. This evidence simply does not provide a reasonable inference that Mrs. Helms acted with reckless indifference to the consequences of her actions or was aware that her conduct would probably result in injury to another.Hughes v. Southern Haulers, Inc., 379 So.2d 601 (Ala.Civ.App. 1979). Thus, the trial court did not err in granting the defendant a directed verdict on the wantonness count.
 II.
Next, we consider whether the trial court erred in granting the defendant's JNOV. As stated above, the standards for reviewing a trial court's ruling on a motion for JNOV are the same as those for reviewing a ruling on a directed verdict motion. To be entitled to either a directed verdict or a JNOV, Mrs. Helms must have proved to the trial court that, from the evidence before the court at the time the motion was made, there was "a complete absence of proof on a material issue or [that there were] no controverted questions of fact on which reasonable people could differ," and *Page 1244 
that she was entitled to judgment as a matter of law. Elrod v.Ford, 489 So.2d 534, 537 (Ala. 1986), quoting Deaton, Inc. v.Burroughs, 456 So.2d at 773.
In granting the defendant's JNOV, the court held that Chester Baker was contributorily negligent in crossing the highway and that his negligence proximately contributed to his injuries. If the plaintiff was guilty of contributory negligence as a matter of law, then the trial court was correct in granting Mrs. Helms's JNOV.
Wallace v. Doege, 484 So.2d 404, 406 (Ala. 1986), stated the elements of contributory negligence:
 " 'In order to prove contributory negligence, the defendant must show that the party charged: (1) had knowledge of the condition; (2) had an appreciation of the danger under the surrounding circumstances; and (3) failed to exercise reasonable care, by placing himself in the way of danger. Hatton v. Chem-Haulers, Inc., 393 So.2d 950
(Ala. 1980); Baptist Medical Center v. Byars, 289 Ala. 713, 271 So.2d 847 (1972)."
The evidence in this case reveals that Chester both had the knowledge that crossing the highway was dangerous and appreciated that danger under the surrounding circumstances. At the time of the accident, the plaintiff was 18 years old. Before attempting to cross the highway, he purported to look north and south for approaching traffic. We can reach no conclusion except that he appreciated the obvious danger that passing vehicles pose to pedestrians.
Furthermore, we hold that the evidence required a finding that the plaintiff failed to exercise reasonable care in crossing the highway. "The driver of [a vehicle], and a pedestrian on a public highway or street, each owe[s] to the other the duty to exercise such reasonable care as the attendant circumstances may require." Carr v. Irons, 288 Ala. 211,213, 259 So.2d 240, 242 (1972). The pedestrian's duty includes the responsibility to be particularly vigilant when crossing a roadway at any point other than within a marked cross-walk. Indeed, Alabama's Rules of the Road impose a duty on the pedestrian to yield the right-of-way to all vehicles upon the roadway when the pedestrian is crossing at any point other than within a marked crosswalk or within an unmarked cross-walk at an intersection. Code of 1975, § 32-5A-212.
"The question of contributory negligence is normally one for the jury. However, where the facts are such that all reasonable men must reach the same conclusion, contributory negligence may be found as a matter of law." Hatton v. Chem-Haulers,393 So.2d at 954. Therefore, without regard to the negligence vel non of Mrs. Helms, we hold that Chester Baker's failure to exercise due care in crossing the road was a proximate cause of his injuries. There is no scintilla of evidence to the contrary. Thus, he is guilty of contributory negligence as a matter of law.
Even though we find Chester Baker contributorily negligent in this case, his placing himself in a position of peril would be no defense if there was evidence of subsequent negligence on the part of Mrs. Helms. Elba Wood Products, Inc. v. Brackin,356 So.2d 119 (Ala. 1978); Dees v. Gilley, 339 So.2d 1000 (Ala. 1976).
 "The elements of subsequent negligence are: (1) that the plaintiff was in a perilous position, (2) of which the defendant had actual knowledge, (3) that armed with such knowledge the defendant failed to use reasonable and ordinary care in avoiding the accident, (4) that the use of reasonable and ordinary care would have avoided the accident, and (5) that the plaintiff was injured as a result. Scotch Lumber Co. v. Baugh, 288 Ala. 34, 256 So.2d 869 (1972); Brooks v. Cox, 285 Ala. 267, 231 So.2d 302 (1970)."
Treadway v. Brantley, 437 So.2d 93, 97 (Ala. 1983).
Nevertheless, the plaintiff has failed to provide a scintilla of evidence that Mrs. Helms was guilty of subsequent negligence. Plaintiff argues that, notwithstanding a pedestrian's duty to yield the right-of-way while crossing a roadway, the driver of a vehicle has the duty to "exercise due care to avoid colliding with any pedestrian *Page 1245 
and [to] give warning by sounding the horn when necessary." Code of 1975, § 32-5A-213. However, it is clear that this duty of the driver is mitigated in an emergency situation. If a motorist, without any fault of his own, is confronted with a sudden emergency, he is not "required to exercise the same presence of mind as would a prudent person under more deliberate circumstances." Jefferson County v. Sulzby,468 So.2d 112, 116 (Ala. 1985).
The evidence, even when viewed in a light most favorable to the plaintiff, indicates that Mrs. Helms, when first faced with such an emergency situation — i.e., when she first saw Chester crossing her path — reacted in a reasonable manner by applying the brakes of her pickup truck. The plaintiff failed to produce a scintilla of evidence that Mrs. Helms acquired actual knowledge of Chester Baker's perilous position in time to avoid the accident. Thus, the evidence is insufficient to support a verdict for the plaintiff based on the doctrine of subsequent negligence.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.
[1] Having reached the age of majority during the pendency of this action, Chester Baker filed this appeal as an adult. Kathleen Baker does not appeal from the adverse judgment on her claim.