**Barney JACKSON and Susan Jackson, Plaintiffs–Appellants,**

v.

**STAUFFER CHEMICAL COMPANY, Defendant–Appellee.**

No. 89–4587
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 20, 1990.

Wynn E. Clark Owen, Galloway, & Clark, Gulfport, Miss., for plaintiffs-appellants.

Steven D. Orlansky and John G. Corlew, Jackson, Miss., for defendant-appellee.

Before WILLIAMS, SMITH, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

In this diversity personal injury action the Jacksons appeal from the trial court's grant of summary judgment in favor of Stauffer Chemical Company ("Stauffer") on the issues of Barney Jackson's contributory negligence and Stauffer's wantonness. We reverse the trial court's grant of summary judgment as to contributory negligence and affirm the court's ruling on the issue of wantonness.

This suit arises out of an accident at Stauffer's Axis, Alabama plant where Barney Jackson came into contact with an energized transformer in the plant's electrical substation. Jackson, an electrician with considerable experience, was hired by Eddie Blythe, an electrical contractor hired by Stauffer to construct and install a new transformer structure to supplement the two which were already in operation within the electrical substation at the plant. Two weeks prior to his accident Jackson was assigned the job of hooking up the transformer after it had been set in place atop the new structure. Jackson was aware that, at all times prior to his accident, the two previously existing transformers (transformer numbers one and two) were energized and were the source of electrical power for the operation of the entire plant. Jackson was injured when he ascended transformer number two in the mistaken belief that it had been disenabled.

Summary judgment is appropriate under Fed.R.Civ.P. 56 if the record discloses "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In reviewing the summary judgment, we apply the same standard of review as did the district court. *Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir.1989); *Moore v. Mississippi Valley State University*, 871 F.2d 545, 548 (5th Cir.1989). The pleadings, depositions, admissions, and answers to interrogatories, together with affidavits, must demonstrate that no genuine issue of material fact remains. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). To that end we must "review the facts draw-

ing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.,* 784 F.2d 577, 578 (5th Cir.1986). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). *See Boeing Company v. Shipman,* 411 F.2d 365, 374–75 (5th Cir.1969)(en banc).

■ The parties agree that the issues of contributory negligence and wantonness are governed by Alabama law, wherein the plaintiff's contributory negligence is a complete defense to an action based on negligence. *Rowden v. Tomlinson,* 538 So.2d 15, 18 (Ala.1988). The defendant bears the burden of proving contributory negligence and that it proximately caused the injury. *Central Alabama Elec. Co-op v. Tapley,* 546 So.2d 371, 381 (Ala.1989); *Creel v. Brown,* 508 So.2d 684, 688 (Ala.1987); *Wallace v. Doege,* 484 So.2d 404, 406 (Ala. 1986). Contributory negligence requires a finding that the party charged (1) knew of the condition; (2) appreciated the danger under the surrounding circumstances; and (3) failed to exercise reasonable care by placing himself in the way of danger. *Allen v. Knotts,* 530 So.2d 812, 814 (Ala. 1988); *Baker v. Helms,* 527 So.2d 1241, 1244 (Ala.1988); *Brown v. Piggly–Wiggly Stores,* 454 So.2d 1370, 1372 (Ala.1984).

■ Reviewing the facts presented on the motion for summary judgment in the light most favorable to the plaintiff, we find that the trial court erred in finding Jackson contributorily negligent as a matter of law. At the time of his accident Jackson worked under the direction of Robert Bagwell, Stauffer's maintenance supervisor charged specifically with electrical safety. The day before and the morning of the accident Bagwell indicated that rusty bolts on one of the transformers needed to be changed. On the day of the accident Bagwell instructed Jackson and a co-worker that when they completed the task upon which they were engaged, they were to "go ahead and change out the rusted bolts".

Bagwell did not identify upon which specific transformer the rusted bolts were located. Jackson testified that the day prior to the accident Bagwell told him to change bolts in the transformer bank "next to the one you have completed." Jackson further testified that on the morning of the accident, Bagwell asserted that "everything is ready for you to change the bolt." Jackson interpreted this statement to mean that Bagwell had disenabled transformer number two which was next to the new one. Bagwell testified that he "assumed they understood" his instruction even though he did not identify which transformer's bolts he wanted replaced. His testimony was that he was referring to the newly installed one which had not yet been energized.

■ Taking the facts in the light most favorable to Jackson, it cannot be said that, as a matter of law, Jackson knew that transformer number two was energized. The Alabama Supreme Court has recently spoken on this issue:

> In order to sustain a finding of contributory negligence as a matter of law, there must be a finding that the plaintiff put himself in danger's way and a finding that the plaintiff appreciated the danger confronted. Moreover, it must be demonstrated that the plaintiff's appreciation of the danger was a conscious appreciation at the moment the incident occurred. Mere "heedlessness" is insufficient to warrant a finding of contributory negligence as a matter of law.

*Central Alabama Elec. Co-op v. Tapley,* 546 So.2d 371, 381 (Ala.1989) (citations omitted). Similarly, Stauffer has not demonstrated that Jackson consciously appreciated the danger of transformer number two at the moment of the accident. Indeed, the only reason he ascended it was because he believed it to be disenabled. In *Tapley,* a week before his death the plaintiff had helped install the power line into which he later ran his truck. He was aware of the hazard presented by overhead power lines. However, the *Tapley* court "refused to hold" that the plaintiff "deliberately raised his dump bed into the wires and then purposefully electrocuted himself;

such a holding would be repugnant to simple logic." *Id.* That Jackson behaved imprudently in failing to ascertain whether in fact the transformer was safe for ascension is insufficient to warrant a finding of negligence as a matter of law.

Alabama law requires that the plaintiff have knowledge of the condition in order to be held contributorily negligent as a matter of law. In the great weight of cases in which the trial court's grant of summary judgment on the contributory negligence issue is affirmed, the Alabama Supreme Court expressly finds that the plaintiff had actual knowledge of the condition that caused his injury. In *Watters v. Bucyrus–Erie Company*, 537 So.2d 24, 25 (Ala.1989), the plaintiff was a work crew foreman who pulled a boom line holding a crane bucket into a power line. The court found that summary judgment in favor of the defendant was appropriate because the plaintiff had discussed the power line and its danger with his crew and had "worked under the assumption that the line still carried electricity." In *Allen v. Knotts*, 530 So.2d 812, 816 (Ala.1988), the plaintiff was injured when she attempted to gain entry into a storage trailer by pulling herself up by a chain wrapped around the handle of the door of the trailer. The court found the plaintiff contributorily negligent because she had personal knowledge of the condition that caused her fall in that she had witnessed the stockman wrap the chain around the handle and knew that the chain was loosely placed upon the handle and thus not attached to the trailer. In *Wallace v. Doege*, 484 So.2d 404, 406 (Ala.1986) the plaintiff injured her hand when she attempted to clean a power saw without turning it off. Summary judgment on the issue of contributory negligence was appropriate because she knew that she had not turned the power saw off and that it was dangerous to clean the saw without doing so. *See also, Berness v. Regency Square Associates*, 514 So.2d 1346, 1348–49 (Ala. 1987); *Knight v. Seale*, 530 So.2d 821, 824 (Ala.1988); *Wilson v. Alabama Power Company*, 495 So.2d 48, 49 (Ala.1986); *Brown v. Piggly–Wiggly Stores*, 454 So.2d 1370 (Ala.1984). *But see, Baker v. Helms,*

527 So.2d 1241, 1244 (Ala.1988) (summary judgment finding plaintiff guilty of contributory negligence was appropriate where, though the plaintiff pedestrian asserted that he did not see defendant motorist, the court held that the plaintiff "appreciated the obvious danger that passing vehicles pose to pedestrians").

In this case the knowledge required is not that Jackson knew that an activated transformer was dangerous but rather the knowledge that transformer number two was activated (and therefore dangerous) at the time of his injury. As the case stands, there exists a disputed question of material fact concerning Jackson's knowledge. Jackson contends that he believed that transformer number two was disenabled because Bagwell informed him that "everything is ready for you to change the bolt." Stauffer contends that Jackson knew transformer number two was energized because it had been so for the entirety of Jackson's three weeks of employment at the plant. Furthermore had the transformer been disenabled, the operations of the plant as a whole would have been severely curtailed. Stauffer reasons that because Jackson did not notice such curtailment, he knew that transformer number two was operating. Because an unresolved question of fact remains, summary judgment was inappropriate on the issue of Jackson's contributory negligence.

In *Lomax v. Speed*, 507 So.2d 455 (Ala. 1987), the court described the plaintiff's burden of demonstrating the defendant's wantonness: are there facts from which the jury could reasonably infer that the defendant consciously did some act or consciously omitted some duty while under knowledge of existing conditions, and while conscious that, from the doing of such act, or the omission of such duty, injury to the plaintiff would likely or probably result or that with reckless indifference to the consequences the defendant consciously and intentionally did some wrongful act or omitted some known duty which produced the plaintiff's injury? *Id.* at 456. *See Baker v. Helms*, 527 So.2d 1241, 1244 (Ala.1988); *Smith v. Bradford*, 475 So.2d 526, 528

(Ala.1985); *Deaton, Inc. v. Burroughs,* 456 So.2d 771, 775 (Ala.1984).

■ The most crucial element of wantonness is knowledge, and that element need not be shown by direct evidence. It may be made to appear by showing circumstances from which the fact of knowledge is a legitimate inference. However, wantonness may not be left to the conjecture or speculation of the jury. *Roberts v. Brown,* 384 So.2d 1047, 1048 (Ala.1980).

■ Taking the facts in the light most favorable to the plaintiff, Bagwell instructed Jackson to replace the bolts on transformer number two; at best, such an instruction resulted from Bagwell's having misspoken. Jackson presented no evidence that Bagwell was aware that he had misspoken or that he had instructed Jackson to work on an energized transformer. The fact of knowledge required for a showing of wantonness cannot be legitimately inferred here. Indeed, it would be most unreasonable to assume that Bagwell would instruct his employee to engage in a task that would almost certainly result in grave injury, if not death, to that employee. *See Baker v. Helms,* 527 So.2d 1241, 1244 (Ala. 1988)(trial court did not err in granting the defendant motorist a directed verdict on the issue of wantonness where the defendant testified that the first time she saw plaintiff pedestrian was when he emerged from behind a car and crossed in front of her truck); *Berness v. Regency Square Associates,* 514 So.2d 1346, 1350 (Ala. 1987)(summary judgment in favor of the defendants on the issue of wantonness was appropriate where, though the defendants knew the parking lot in which the plaintiff stumbled was unlighted, plaintiff presented no evidence that the defendants knew that the unlighted parking lot presented an unsafe condition).

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of Stauffer on the issue of wantonness, REVERSE the trial court's grant of summary judgment in favor of Stauffer on the issue of Jackson's contributory negligence, and REMAND the case for further proceedings in accordance with this opinion.

REVERSED in part, AFFIRMED in part, and REMANDED.