L. CHARLES WRIGHT, Retired Appellate Judge.
Carl Sharp and Safeway Insurance Company filed a complaint in the Circuit Court of Jefferson County against Cameron Evans and Patricia Evans, seeking damages resulting from an automobile accident. Sharp alleged that Cameron Evans was operating a motor vehicle owned by his mother, Patricia Evans, in a negligent manner that caused the accident. The Evanses answered the complaint and pleaded contributory negligence as an affirmative defense. They had previously filed a complaint, alleging negligence, against Sharp in the district court. The cases were consolidated and the parties agreed that the cause of action filed by the Evanses would be treated as a counterclaim. Following a hearing, the trial court found Sharp to be contrib-utorily negligent and denied him an award of damages. The court awarded damages to Patricia Evans on her counterclaim as a non-driver owner of the vehicle damaged by the negligence of Sharp. Sharp appeals.
The record reflects that on the morning of April 27, 1991, Sharp was traveling north on Oporto-Madrid Boulevard, a four-lane road *135 with two-way traffic, when he noticed a vehicle spinning out of control in the southbound lane. Cameron Evans was driving the vehicle. Sharp was approximately 100 to 200 feet away from the vehicle, driving approximately 35 idles per hour, when he first noticed the vehicle spinning. Sharp testified that he applied his brakes and maneuvered his vehicle as far to the right as possible. It appeared to him that the vehicle, although spinning, would remain on its side of the road. He testified that he thought he could avoid the car by pulling to the far right-hand side of the road and proceeding. As Sharp proceeded, Evans’s vehicle came out of the spin, crossed into the northbound lane, and hit Sharp’s vehicle. Both vehicles were damaged.
Sharp asserts that the trial court, in reaching its decision, inappropriately applied the last clear chance doctrine (commonly referred to as subsequent negligence) to the facts of this case.
The trial court entered its order in favor of the Evanses on its ease action summary sheet. The court did not make any findings or conclusions of law in its order. While delivering its judgment in open court, the court did mention the last clear chance doctrine. However, it stated that its judgment was based on the contributory negligence of Sharp. Our observance is based on the following excerpt from the trial court’s oral judgment:
“You [Sharp] had the duty under these circumstances to take action to try to safely stop your vehicle in order to avoid any collision with the other party. So as a result of that, you are guilty of what the Court will find often called contributory negligence; that is, your negligence either contributed or partially contributed to cause the damages that are sustained in this particular accident. And as a result of that, under the law of the State of Alabama, you would not be able to recover in this case.”
We find it unnecessary to ascertain which doctrine the trial court followed in reaching its decision. We find that the evidence is insufficient to support a judgment against Sharp under the last clear chance doctrine, or under the doctrine of contributory negligence.
In order to prove contributory negligence, Evans must have shown that Sharp: “(1) had knowledge of the condition; (2) had an appreciation of the danger under the surrounding circumstances; and (3) failed to exercise reasonable care, by placing himself in the way of danger.” Brown v. Piggly-Wiggly Stores, 454 So.2d 1370 (Ala.1984).
In order to prove that Sharp was guilty of subsequent negligence (this would be based upon the Evanses’ counterclaim), the Ev-anses would have had to prove the following: (1) that Cameron Evans was in a perilous position, (2) of which Sharp had actual knowledge, (3) that armed with such knowledge Sharp failed to use reasonable and ordinary care in avoiding the accident, (4) that the use of ordinary and reasonable care would have avoided the accident, and (5) that the Ev-anses were injured as a result. Baker v. Helms, 527 So.2d 1241 (Ala.1988).
There is no dispute that Cameron Evans, while spinning on the opposite side of the highway, was in a perilous position, that Sharp was aware of the circumstances, and that Sharp appreciated the danger surrounding the circumstances. The dispositive issue here, which is equally applicable to both doctrines, is whether Sharp used reasonable and ordinary care in operating his vehicle to avoid an accident.
The trial court apparently determined that a reasonable and prudent person would have stopped his vehicle upon seeing the Evanses’ vehicle. The duty of a motorist is mitigated in an emergency situation. Baker. “If a motorist, without any fault of his own, is confronted with a sudden emergency, he is not ‘required to exercise the same presence of mind as would a prudent person under more deliberate circumstances.’ Jefferson County v. Sulzby, 468 So.2d 112, 116 (Ala.1985).” Baker.
Sharp was traveling at 35 miles per hour when he spied the Evanses’ car spinning out of control. He was approximately 100 to 200 feet away from the car when he noticed it. He immediately applied his brakes, reduced his speed, and pulled as far over to the right-hand side of the road as possible. He did not come to a complete stop. We do not consid *136 er that his failure to come to a complete stop presented substantial evidence that under the circumstances, he did not use reasonable or ordinary care to avoid the accident. If Sharp’s vehicle had stopped, there was nothing in the evidence to indicate that the accident could have been avoided. Insurance Co. of North America v. Mays, 278 Ala. 20, 174 So.2d 700 (1965). We find that under the circumstances, Sharp used reasonable and ordinary care to avoid the accident. The trial court’s finding to the contrary was in error.
Sharp insists that because he was not contributorily negligent, he is entitled to an award of damages.
Sharp filed his original complaint against the Evanses, alleging that Cameron Evans’s negligence caused the accident. In order to recover, Sharp had to prove that the accident was due to Cameron Evans’s negligence. Latham v. Redding, 628 So.2d 490 (Ala.1993). Sharp failed to meet his burden. Cameron Evans did not testify at trial, and Sharp failed to present any evidence concerning the negligent operation of the Evanses’ vehicle. The fact that the Evanses’ vehicle was first seen spinning does not per se show negligence. The fact that there was an accident is generally insufficient to prove negligence. Latham. Sharp had to prove that Cameron Evans breached a duty owed to him and that the breach proximately caused the damages. Latham. Sharp failed to do so. He is, therefore, precluded from recovery.
The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12 — 18—10(e), Code-1975, and this opinion is hereby adopted as that of the court.[1]
REVERSED AND REMANDED.
Ml the Judges concur.

. This case was transferred to the author of this opinion on July 6, 1994.