EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an automobile damage case.
The plaintiffs sued Jackson (the defendant) and his mother for vehicular damages proximately arising out of an automobile accident. The mother was sued as the defendant’s principal, and she was dismissed as a party defendant prior to the nonjury trial conducted before the court. The trial court rendered a judgment for plaintiffs and the defendant appealed. He raises three issues.
I.
The defendant contends that the plaintiffs failed to meet their required burden of proof. Tendencies of the evidence disclose that the parties were driving in opposite directions. As they each approached a street intersection, the defendant was turning, or did turn, his vehicle to his left immediately in front of the plaintiff Waller, thereby blocking a portion, or all, of the lane in which Waller was traveling. Waller put on his brakes and swerved to his right, colliding with a telephone pole, which resulted in damage to his car. Such was adequate evidence upon which the trial court could have based its judgment. The conclusion of the trial court was supported by credible evidence and was not palpably wrong or manifestly unjust. Accordingly, we are required to affirm its decision in that regard. Wiggins v. Brown, 391 So.2d 128 (Ala.Civ.App.1980).
II.
The defendant argues that there is a variance between the pleading and the proof since the complaint avers that “Aubrey Kent Jackson, an agent, servant or employee of the defendant, Beatrice J. Jackson, while acting within the line and scope of his employment” negligently caused the accident, and since there was- no supportive proof of such agency.
There was no fatal variance in that regard. The characterization of the de *100 fendant as an agent was an attempt to state liability of his mother for his negligence, and it was not an attempt to sue him in any representative capacity only. When the mother was dismissed as a party, the agency allegation became immaterial. As to the defendant’s liability, the averments as to agency were always immaterial. “Judgment may be given ... against one or more defendants according to their respective liabilities.” A.R.C.P. 20(a). We responded to the merits of this issue only in deference to earnest counsel; however, this alleged variance was not raised at trial or in an adequate manner through a posttrial motion, and it cannot be raised for the first time on appeal. Johnson v. U-Haul of Southern Alabama, Inc., 357 So.2d 665 (Ala.Civ.App.1978).
III.
In substance, the defendant states that the plaintiffs should not be entitled to recover because of Waller’s contributory negligence. The defendant’s answer contained only a denial of all of the material allegations of the complaint. Contributory negligence is an affirmative defense under A.R.C.P. 8(c), and it must be affirmatively pleaded or it is waived. Miller v. Brown-Fikes Ford, Inc., 370 So.2d 1052 (Ala.Civ.App.1979). Here, it was so waived.
We affirm.
The foregoing opinion was prepared by retired circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.