The plaintiff, Frank C. Brown, appeals from a summary judgment entered against him in favor of Piggly-Wiggly Stores and Kenny Poffenbarger in a personal injury suit. We affirm.
The facts are as follows: On February 10, 1983, Brown went shopping at the Piggly-Wiggly store located in Citronelle, Alabama. After purchasing his groceries and placing them in his pickup truck, Brown proceeded to return his shopping cart to the area designated for cart returns. Enroute, Brown bumped a motorcycle which had been parked on the sidewalk approximately thirty-two feet from the store entrance. The motorcycle fell on Brown and broke his leg.
The motorcycle was owned by one of the defendants, Kenny Poffenbarger, who was employed by the Piggly-Wiggly store as a second assistant manager. The store's manager, Craig McLendon, had authorized Poffenbarger to park his motorcycle on the sidewalk in front of the store.
Brown filed suit in Mobile County Circuit Court, alleging that Poffenbarger, with Piggly-Wiggly's authorization, had negligently parked his vehicle so as to create an unsafe and dangerous condition which caused Brown's injury. After allowing Brown several opportunities to amend his complaint, the trial court entered summary judgment against him.
The first issue raised on appeal is whether the trial court committed reversible error by converting the defendants' A.R.Civ.P. 12 (b)(6) motions to dismiss into A.R.Civ.P. 56 (b) motions and entering judgment thereon, without giving the plaintiff sufficient opportunity to respond.
On July 18, 1983, and August 26, 1983, Piggly-Wiggly and Poffenbarger both filed motions to dismiss Brown's suit for failure to state a claim upon which relief could be granted. On September 16, 1983, both motions to dismiss were converted by the trial court into motions for summary judgment. The trial court entered summary judgment in favor of both defendants after hearing arguments on that same day.
Brown argues on appeal that the trial court's rulings violate the notice requirements of A.R.Civ.P. 12 (b) and 56 (c). It is true that failure to comply with the ten-day notice requirement articulated in A.R.Civ.P. 56 (c) denies the opposing party an opportunity to present adverse evidence and therefore constitutes reversible error. Hales v. First National Bank ofMobile, 380 So.2d 797 (Ala. 1980). It is equally true, however, that an objection for failure to comply with the provisions of A.R.Civ.P. *Page 1372 
56 (c) may not be raised for the first time on appeal. ChestnutHills Civic Association v. Dobbins, 361 So.2d 1043 (Ala. 1978);Holleman v. Elmwood Cemetery Corp., 295 Ala. 267, 327 So.2d 716
(1976). We note that the record is devoid of any objection concerning the Rule 56 (c) notice requirement. Accordingly, Brown may not now complain on appeal.
The second issue raised by Brown concerns whether the trial court properly entered summary judgment in favor of Piggly-Wiggly and Poffenbarger. Our review must consider whether the moving parties have shown that there is no genuine issue of material fact and that they are entitled to a judgment as a matter of law. A.R.Civ.P. 56 (c); Ragland v. AlabamaPower Co., 366 So.2d 1097, 1099 (Ala. 1978). After reviewing the record in its entirety, we conclude that the defendants have met their burden.
Under the laws of Alabama, a plaintiff cannot recover in a negligence suit where plaintiff's own negligence is shown to have proximately contributed to his damage, notwithstanding a showing of negligence on the part of the defendant. AlabamaPower Company v. Scholz, 283 Ala. 232, 238, 215 So.2d 447
(1968). Of course, this principle applies only where contributory negligence has been raised as an affirmative defense. A.R.Civ.P. (8)(c); Jackson v. Waller, 410 So.2d 98
(Ala.Civ.App. 1982).
In order to prove contributory negligence, the defendant must show that the party charged: (1) had knowledge of the condition; (2) had an appreciation of the danger under the surrounding circumstances; and (3) failed to exercise reasonable care, by placing himself in the way of danger.Hatton v. Chem-Haulers, Inc., 393 So.2d 950 (Ala. 1980);Baptist Medical Center v. Byars, 289 Ala. 713, 271 So.2d 847
(1972).
The question of contributory negligence is normally one for the jury. However, where the facts are such that all reasonable men must reach the same conclusion, contributory negligence may be found as a matter of law. Hatton v. Chem-Haulers, Inc., 393 So.2d at 954. This is such a case.
By all accounts, the motorcycle in question was in plain view, both from within and without the store. It was parked approximately two feet from the store front on a sidewalk which was nine feet wide. Brown had already walked past the vehicle once, moments before the accident. By his own admission, the motorcycle fell on him only after he had bumped it. The record is devoid of any evidence indicating that Brown bumped the motorcycle for any reason other than his own inattention. We find that reasonable men could reach no other conclusion than that: (1) Brown knew the motorcycle was parked by the wall; (2) Brown appreciated the danger inherent in a two-wheeled vehicle resting on a kickstand, specifically, that it may fall if disturbed; and (3) Brown nevertheless put himself in the way of the danger by carelessly bumping the motorcycle. Therefore, without regard to the negligence vel non of the defendants, we hold that Brown's injuries were the proximate result of his failure to exercise reasonable care when he bumped a parked motorcycle. It follows that there was no genuine issue as to a material fact and summary judgment was properly entered against Brown. Ragland v. Alabama Power Co., 366 So.2d 1097, 1099 (Ala. 1978). Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur. *Page 1373