Norman Ray Wilson, age 15, was climbing a large oak tree in the Pine Springs community in south Mobile County when he came in contact with a 7200-volt power line owned and maintained by the defendant, Alabama Power Company. As a result of this contact, Wilson suffered electrical burns, some of which required skin grafts to heal properly.
Norman Wilson, suing through his father as next friend; and his father, Donald Wilson, suing individually, brought this action against Alabama Power. Norman alleged in one count that his injuries were the proximate result of Alabama Power's negligently and/or wantonly maintaining or allowing the existence of a dangerous condition by keeping its power lines entangled in a tree. Count two of the complaint is a derivative action filed by Norman's father, Donald Wilson, who sought to recover medical expenses incurred on behalf of his son as a result of the accident.
The trial court determined that under the undisputed facts Norman Wilson was contributorily negligent as a matter of law and granted Alabama Power's motion for a directed verdict. The court made this ruling *Page 49 
after noting that a person 14 years of age or older is presumed to be capable of contributory negligence, and finding that the uncontroverted evidence proved that Wilson knew the wires were in the tree, that he knew they were dangerous, and that he was under no kind of duress or compulsion to climb the tree.
To establish contributory negligence, there must be a finding that the party charged has "(1) knowledge of the condition; (2) an appreciation of the danger under the surrounding circumstances, and (3) a failure to exercise reasonable care by placing oneself in the way of danger." Hatton v. Chem-Haulers,Inc., 393 So.2d 950 (Ala. 1980). See also, State Farm MutualAuto. Ins. Co. v. Dodd, 276 Ala. 410, 162 So.2d 621 (1964). This Court has held that persons 14 years of age are capable of contributory negligence.
The record indicates that Norman Wilson was 15 years and 8 months of age at the time of the accident. His testimony conclusively shows that he was aware that the power line ran through the tree. It further shows that he was aware it was dangerous because his uncle, who was a tree surgeon, had told him how many volts were in the wire, that it had to be handled with insulated gloves, and that the wire would shock him if he came in contact with it. The record further reveals that even though he was aware of the danger he chose to climb into that part of the tree where the wire was in order to reach a bird's nest and that when he did he was shocked.
Upon these facts we find that the trial court correctly determined that Norman Wilson was contributorily negligent. It is established in this state that a plaintiff in a negligence case cannot recover, even though he may be able to prove negligence on the part of the defendant, if it is shown that his own negligence proximately contributed to his injury.Alabama Power Co. v. Scholz, 283 Ala. 232, 215 So.2d 447
(1968).
The judgment based on the directed verdict for Alabama Power Company is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.