Appeal by plaintiffs, John and Margie Knight, from a summary judgment in favor of defendant, James Seale, in a personal injury action. We affirm.
On July 6, 1985, plaintiff John Knight was injured when he slipped and fell while helping defendant, James Seale, repair the roof of Seale's house. Seale had called his *Page 822 
friend, Knight, for assistance in patching a hole in his roof. A light rain was falling and the roof was wet. Upon Knight's arrival at Seale's house, the two men proceeded to climb a ladder to the roof and measure the hole. The dimensions of the hole were approximately 4 feet by 8 feet, and it was irregularly shaped. The two men then cut a plywood patch and carried it to the roof together. Once the two men were on the roof, they approached the hole, carrying the plywood board vertically, with Knight leading. When they reached the spot to be patched, Knight stepped on the space between the edge of the roof and the hole. However, there was loose material in this space on the roof, including broken pieces of shingles and gravel, and Knight's foot slipped, causing him to lose his balance and fall to the ground, injuring himself.
On August 20, 1986, the Knights filed this action against Seale, seeking damages for injuries John Knight received in the fall. Mrs. Knight alleged loss of consortium as a result of her husband's injury. The plaintiffs alleged that Seale failed to use reasonable care in maintaining his premises in a safe condition and failed to warn Knight of the hazards that Seale created through his negligence or wantonness. Thereafter, Seale moved for summary judgment, basing his motion on the pleadings and the depositions of the parties and supporting the motion with a brief. On February 1, 1988, the trial court granted the motion, stating that there were no genuine issues of material fact and that Seale was entitled to a judgment as a matter of law. This appeal followed.
The plaintiffs present two issues for our review:
(1) Whether Seale breached a duty to warn John Knight of hidden defects that were known to Seale or that he should have discovered in the exercise of reasonable care; and
(2) Whether Knight, absent a warning from Seale, could have appreciated the danger in carrying a plywood board across a wet roof that contained debris.
In reviewing the summary judgment, we may determine that it was proper only if we find that there was no genuine issue of material fact and that Seale was entitled to a judgment as a matter of law. Rule 56 (c), A.R.Civ.P.; Black v. Freeman LumberCo., 509 So.2d 914 (Ala.Civ.App. 1987); Whitehead v. Johnston,467 So.2d 240 (Ala. 1985). Furthermore, we must view the evidence in a light most favorable to the nonmoving party, and "summary judgment is improper if there is a scintilla of evidence to support the non-moving party." Mann v. City ofTallassee, 510 So.2d 222, 225 (Ala. 1987), citing Hale v. Cityof Tuscaloosa, 449 So.2d 1243, 1245 (Ala. 1984).
 I.
The plaintiffs argue that Seale breached a duty to warn John Knight of the dangerous condition of the roof. In ascertaining the extent of Seale's duty as an occupier of land to John Knight, we must determine Mr. Knight's "status" on Seale's property as a licensee, an invitee, or a trespasser.
The plaintiffs submit that John Knight had the status of an invitee when he was on Seale's property the day he was injured. In order to determine that he had such a status, we must find that he entered onto Seale's property for a purpose that was of material or commercial benefit to Seale, or of mutual benefit to the two of them. Autry v. Roebuck Park Baptist Church,285 Ala. 76, 229 So.2d 469 (1969); Quillen v. Quillen,388 So.2d 985 (Ala. 1980). It is undisputed that the defendant did derive a material benefit from having Mr. Knight assist him in the repair of his roof. Seale called him for the express purpose of having him come help repair the roof, and, although at other times their relationship may have been purely social, we hold that, on the day of John Knight's injury, he had the status of an invitee on Seale's property.
The case of Quillen, supra, clearly expressed the standards applicable to the present case:
 "In the definitive case of Lamson Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388 (1937), this Court discussed *Page 823 
at length the duty owed by a landowner to an invitee. At 234 Ala. 63, 173 So. 391, the Court held:
 "`This court is firmly committed to the proposition that the occupant of premises is bound to use reasonable care and diligence to keep the premises in a safe condition for the access of persons who come thereon by his invitation, expressed or implied, for the transaction of business, or for any other purpose beneficial to him; or, if his premises are in any respect dangerous, he must give such visitors sufficient warning of the danger to enable them, by the use of ordinary care, to avoid it. Geis v. Tennessee Coal, Iron R.R. Co., 143 Ala. 299, 39 So. 301.
 "`This rule . . . includes (a) the duty to warn an invitee of danger, of which he knows, or ought to know, and of which the invitee is ignorant; and (b) the duty to use reasonable care to have the premises to which he is invited in a reasonably safe condition for such contemplated uses, and within the contemplated invitation.'
 "Therefore, as a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care. As stated by the Court in Lamson Sessions Bolt Co., supra, at 234 Ala. 63, 173 So. 391:
 "`In 45 C.J. § 244, p. 837, the rule is thus stated: "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care."'
 "Accord, McRee v. Woodward Iron Co., 279 Ala. 88, 182 So.2d 209 (1966); Claybrooke v. Bently, 260 Ala. 678, 72 So.2d 412 (1954). The entire basis of an invitor's liability rests upon his superior knowledge of the danger which causes the invitee's injuries. Gray v. Mobile Greyhound Park, Ltd., 370 So.2d 1384 (Ala. 1979); Tice v. Tice, 361 So.2d 1051 (Ala. 1978). Therefore, if that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable."
(Emphasis added.) 388 So.2d at 989.
Applying these standards to the instant case, we first consider the condition of the roof and the cause of John Knight's fall. The record reveals that there was debris on the roof that remained after Seale had removed some of the shingles, cut out the rotten portion of the roof decking, and then prepared the area to be patched. In addition, a light rain was falling. The cause of Knight's slipping appears to have been the presence of debris, the wet condition of this sloping roof, or some combination of these factors. No other danger or defect is suggested by the record.
Due to the inherent nature of the repair work, and the fact that it was raining, we are of the opinion that the dangerous condition of the roof was so obvious that it should have been observed by anyone in the exercise of reasonable care. Indeed, it was observed. In his deposition, Knight testified that he was aware of the debris surrounding the hole in the roof:
 "Q. When you went up there this first time to measure the hole, tell me what you saw around the hole. What did it look like?
 "A. Just stuff he tore off laying around. The big stuff, he throwed off, but loose stuff laying around and stuff sticking up around there in the hole.
". . .
"Q. Little broken pieces?
"A. Yeah, and the gravel off the top of the roof." *Page 824 
Because of the open and obvious nature of this condition, and Knight's knowledge of it, Seale was under no duty to warn Knight of the dangers associated with walking on the roof.
Since Seale was totally lacking as to any superior knowledge of the dangerous condition, he cannot be held liable for Knight's injuries; thus the trial court did not err in granting summary judgment to Seale on this issue.
 II.
While the trial court did not express its rationale for granting the summary judgment, one basis for its decision could have been a finding that Knight was contributorily negligent as a matter of law.
 "[In order to] establish contributory negligence, there must be a finding that the party charged has `(1) knowledge of the condition; (2) an appreciation of the danger under the surrounding circumstances; and (3) a failure to exercise reasonable care by placing oneself in the way of danger.' Hatton v. Chem-Haulers, Inc., 393 So.2d 950 (Ala. 1980). See also, State Farm Mutual Auto. Ins. Co. v. Dodd, 276 Ala. 410, 162 So.2d 621 (1964)."
Wilson v. Alabama Power Co., 495 So.2d 48, 49 (Ala. 1986).
While the plaintiffs concede John Knight's knowledge of the dangerous condition, they argue that he could not have appreciated the danger associated with helping Seale carry the plywood board across a roof in such a condition. We disagree.
There is clear evidence in the record that John Knight had had a long history of working under similar conditions. He was familiar with the layout and design of Seale's roof, having worked there before in repairing the roof and in installing a television antenna. He was an electrician by trade and had years of experience in working on roofs and other structures. He had installed a shingle roof on his own house twice and had helped others in roofing their homes eight or ten times. We can reach no conclusion except that Knight clearly appreciated the hazards associated with this roofing repair job.
We recognize that:
 "`The question of contributory negligence is normally one for the jury. However, where the facts are such that all reasonable men must reach the same conclusion, contributory negligence may be found as a matter of law. Hatton v. Chem-Haulers, Inc., 393 So.2d at 954.'
 "Brown v. Piggly-Wiggly Stores, 454 So.2d 1370, 1372 (Ala. 1984)."
Wallace v. Doege, 484 So.2d 404, 406 (Ala. 1986).
Under the undisputed facts in this case, we find that the trial court could have correctly determined that John Knight was contributorily negligent.
The summary judgment in favor of defendant, Seale, is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.