This appeal involves a claim alleging wrongful death, and the sole question is whether the trial court erred in finding that plaintiff's decedent was contributorily negligent as a matter of law. Plaintiff's decedent, George Watters, was electrocuted on March 11, 1983, while he was foreman of a crew pouring cement at a culvert on U.S. Highway 431 in Madison County. The trial court granted summary judgment in favor of the defendants. We affirm.
In Brown v. Piggly-Wiggly Stores, 454 So.2d 1370,1372 (Ala. 1984), this Court summarized the law of contributory negligence, as follows:
 "Under the laws of Alabama, a plaintiff cannot recover in a negligence suit where plaintiff's own negligence is shown to have proximately contributed to his damage, notwithstanding a showing of negligence on the part of the defendant. Alabama Power Company v. Scholz, 283 Ala. 232, 238, 215 So.2d 447
(1968). . . .
 "In order to prove contributory negligence, the defendant must show that the party charged: (1) had knowledge of the condition; (2) had an appreciation of the danger under the surrounding circumstances; and (3) failed to exercise reasonable care, by placing himself in the way of danger. Hatton v. Chem-Haulers, Inc., 393 So.2d 950 (Ala. 1980); Baptist Medical Center v. Byars, 289 Ala. 713, 271 So.2d 847 (1972).
 "The question of contributory negligence is normally one for the jury. However, where the facts are such that all reasonable men must reach the same conclusion, contributory negligence may be found as a matter of law."
The evidence before the trial court showed the following: Watters was the foreman on the crew that was to pour concrete at this culvert, and as foreman, he was in charge of the work to be done. There was a branch power line running from the main line along the road to an abandoned barn-like building, and this branch power line ran over the work area at the culvert. These power lines were operated by the City of Huntsville. On the day of the accident the sky was cloudy, but the power line could be seen clearly. Because the ground was muddy, Watters decided to use a crane rather than a conveyor to pour the concrete; the use of the crane was not unusual, but it did increase the *Page 25 
chance of contacting the power line. This crane had been manufactured by Bucyrus-Erie. The evidence is clear that Watters knew of and understood the danger of using the crane so near this power line, because he had discussed the power line and its danger with the crane operator and another worker just 30 minutes before the accident. Watters and these two men looked to see if the power line had been cut off from the main line, and seeing that it was not cut off and that the building still had a meter on it, they worked under the assumption that the line still carried electricity. The crane operator stated that Watters was in a hurry to finish the job. The crane was used to lift the bucket of concrete over the place where the concrete was to be poured. As foreman, Watters was the one nearest the bucket and was positioned so that he could direct the crane operator. At one point, Watters pulled on the bucket to move it and pulled the boom line holding the bucket into the power line, and was electrocuted. The crane operator said that seconds before the accident, Watters was looking up at the power line as he directed the movement of the cement bucket.
From this evidence, it is clear that Watters knew of the danger of the power line, that he appreciated that danger, and that, failing to exercise reasonable care, he placed himself in the way of that danger. Plaintiff relies on Bush v. AlabamaPower Co., 457 So.2d 350 (Ala. 1984), for the proposition that whether the danger of a power line was open and obvious is a question for the jury. However, in Bush, there was a factual dispute over whether the power lines were hidden or were in plain view to the injured parties. The facts ofBush make that case distinguishable. In this case, there is no dispute that Watters knew of the line, and the evidence clearly shows that he was working under the assumption that it was energized, that he knew of the potential danger, and that he understood what the consequence could be if the boom line came into contact with the power line.
Based on the foregoing, we believe that the facts are such that all reasonable persons must reach the conclusion that Watters was contributorily negligent. Therefore, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and ALMON, BEATTY and HOUSTON, JJ., concur.