Joe Hardy Knight sued Alabama Power Company, alleging that Alabama Power was negligent in the location of a transmission wire and that its alleged negligence resulted in injury to Knight. Alabama Power raised, among other things, the defense of contributory negligence. Thereafter, Alabama Power filed a motion for summary judgment. At the hearing on Alabama Power's motion, Knight filed an amended response to the motion, asking the trial court to adopt the doctrine of comparative negligence. The trial court granted Alabama Power's motion for summary judgment and denied Knight's motion to adopt the doctrine of comparative negligence. Knight appeals. We affirm.
Summary judgment was proper in this case if there was no genuine issue of material fact and Alabama Power was entitled to a judgment as a matter of law. Rule 56, A.R. Civ. P. 2 The burden was on Alabama Power to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. If that showing was made, then the burden shifted to Knight to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against him. See, Stafford v. MississippiValley Title Insurance Co., 569 So.2d 720 (Ala. 1990); see, also, DuPont *Page 577 v. Yellow Cab Co. of Birmingham, Inc., 565 So.2d 190 (Ala. 1990). In determining whether there was a genuine issue of material fact, we must view the evidence in a light most favorable to Knight and must resolve all reasonable doubts against Alabama Power. Because this case was filed after June 11, 1987, the applicable standard of review is the "substantial evidence" rule. Ala. Code 1975, § 12-21-12. "Substantial evidence" has been defined as "evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
Viewing the evidence in the light most favorable to Knight, as we are required to do under the applicable standard of review, we find the following:
Knight was an electrician by trade and had been so employed for approximately 8-10 years at the time of the accident. His work as an electrician involved control work, computer work, and running conduit. Knight was familiar with Alabama Power's transmission line located behind his residence and approximately two feet from his property line. According to his deposition testimony, Knight assumed the line was in use and that electricity was flowing through the line; however, because the line appeared to Knight to be black, he assumed that the line was insulated. As an electrician, Knight was familiar with the National Electrical Safety Code, which provides that trees interfering with supply conductors are to be trimmed or removed and that when that is not possible, the tree should be separated from the conductor in order to avoid grounding through the tree. Knight had purchased and installed a swimming pool for his children. However, the shade from a tree located on Knight's property prevented the sun from sufficiently warming the water in the pool. Thus, Knight's wife called Alabama Power and requested that it trim the limbs. Alabama Power refused, stating that it worked on a set trimming program of five to seven years and that it was not time to trim in that area. Thereafter, Knight, who previously had trimmed low limbs from the tree, borrowed tree climbing spikes, a lineman's belt, and a chainsaw from his employer. Then, around 10 o'clock on the morning of the accident, a day when the sun was shining and there was no wind, Knight climbed the tree and proceeded to cut limbs. He cut three or four limbs without incident. He then observed the line from a distance, and because the line had no background to enable one to judge its distance and because Knight thought that there was sufficient clearance, he began to cut a limb that grew upwards. While he was cutting the limb, the limb came into contact with the line; electric current travelled through the limb and caused Knight to suffer second and third degree electrical burns to the back of both of his legs.
The sole issue for our review is whether the trial court erred in holding that Knight was contributorily negligent as a matter of law.
The law is well settled concerning a power company's duty to maintain insulated lines. Alabama Power Co. v. Foster,555 So.2d 174 (Ala. 1989). However, as Judge Joseph D. Phelps correctly points out in his well-written order:
 "Under the law of Alabama, a plaintiff cannot recover in a negligence suit when the plaintiff's own negligence is shown to have proximately contributed to the damage, notwithstanding a showing of negligence on the part of the defendant. Brown v. Piggly-Wiggly Stores, 454 So.2d 1370 (Ala. 1984); citing Alabama Power Co. v. Scholz, 283 Ala. 232, 238, 215 So.2d 447 (1968)."
While contributory negligence is no defense to a claim based on wanton misconduct on the part of the defendant, contributory negligence is a complete defense to a claim based on negligence. Creel v. Brown, 508 So.2d 684 (Ala. 1987). Contributory negligence is an affirmative defense that the defendant bears the burden of proving. Rule 8(c), A.R.Civ.P. In order to prove contributory negligence, there must be a finding that the party charged 1. had "knowledge of the dangerous *Page 578 
condition"; 2. had "an appreciation of the danger under the surrounding circumstances"; and 3. "failed to exercise reasonable care by placing himself in the way of danger."Brown v. Piggly-Wiggly Stores, 454 So.2d 1370, 1372 (Ala. 1984); see Watters v. Bucyrus-Erie Co., 537 So.2d 24 (All. 1989); see, also, Cowley Brothers, Inc. v. Brown,569 So.2d 375 (Ala. 1990).
The record in the instant case indicates that Knight was experienced in working with electricity; that he was aware of the location of the line; that he assumed that the line was live; and that he was aware of the danger of working with electricity generally. The record further indicates that having looked at the limb in relation to the line, thus having approximated the distance of the limb from the line, Knight chose to cut down the limb, erroneously calculating that it would miss the line. Based on the foregoing, we find that the trial court correctly determined that Knight was contributorily negligent as a matter of law, on authority of the majority opinions authored by Justice Almon in Electric Service Companyof Montgomery, Inc. v. Dyess, 565 So.2d 244 (Ala. 1990);Campbell v. Alabama Power Company, 567 So.2d 1222 (Ala. 1990);Wilson v. Alabama Power Company, 495 So.2d 48 (Ala. 1986).
We note that in his amended response to Alabama Power's motion for summary judgment, Knight asked the trial court to "adopt the doctrine of comparative negligence in this case." However, Knight did not extensively argue comparative negligence before the trial court; in fact, except for the one sentence requesting the trial court to adopt the doctrine of comparative negligence, Knight presented nothing in the way of argument on that issue. In its final order, the trial court granted Alabama Power's motion for summary judgment and denied what it considered to be Knight's "Motion for the Adoption of the Doctrine of Comparative Negligence." On appeal, Knight, as an alternative to his extensive arguments concerning the issue of the trial court's holding that he had been contributorily negligent as a matter of law, only briefly argues that at this Court should adopt the doctrine of comparative negligence. This issue was not sufficiently argued to the trial court, and it has not been sufficiently argued on appeal. Therefore, we hold that the trial court correctly denied Knight's "Motion for the Adoption of the Doctrine of Comparative Negligence."
AFFIRMED.
MADDOX, ALMON, SHORES, STEAGALL and INGRAM, JJ., concur.