The plaintiff, Michael Patrick Chilton, appeals from a summary judgment for the defendant, the City of Huntsville, a municipal corporation d/b/a Huntsville Utilities ("the City"), in this action seeking to recover damages for personal injuries allegedly caused by the City's negligence in constructing and maintaining one of its power lines. We reverse and remand.
Chilton, an experienced billboard poster for Patrick Media Group, suffered an electrical burn when metal scaffolding he was using to erect a poster on an elevated, roadside billboard came into contact with an energized power line that had been constructed, and that was being maintained, by the City. The power line, which was located approximately six to eight feet from the billboard's catwalk, was constructed after the billboard had been put in place. George Uline, operations manager for Patrick Media Group, testified by deposition that a regulatory provision of the Occupational Safety and Health Act of 1970, 29 U.S.C.A. § 651 et seq., prohibits the positioning of power lines and billboards within 10 feet of each other.[1] Uline also testified that it was his company's policy not to allow its posters to work within 10 feet of a power line and that although a supervisor periodically inspected the company's billboards for possible safety violations, no violation concerning the location of the power line was ever noted at the billboard on which Chilton was injured.
Chilton testified that although he knew at the time of the accident that the power line was very close to the billboard, he did not know the exact distance between the billboard and the power line; that he had assumed it was energized and, therefore, extremely dangerous; and that he was aware of his company's policy not to allow its posters to work within 10 feet of a power line. Chilton further testified that although he could not remember everything he had done just before the accident, he did remember that he was attempting to find "the best, easiest, fastest, safest way to get on" the billboard. There were no eyewitnesses to the accident.
Relying primarily on Chilton's affidavit and deposition testimony, the City moved for a summary judgment, based on the affirmative defense of contributory negligence. The City contends that the trial *Page 824 
court properly entered the summary judgment in its favor because, it says, the undisputed evidence shows that Chilton was aware of and appreciated the danger posed by the power line. The thrust of the City's argument is that the evidence shows, as a matter of law, that Chilton was contributorily negligent in attempting to erect a poster on the billboard with the knowledge of the danger posed by the nearby power line.
Chilton admits, and his testimony clearly shows, that he knew that he was working dangerously close to the power line. He argues, however, that the summary judgment was improper because, he says, a fact question exists as to whether he exercised reasonable care under the circumstances. We agree.
The summary judgment was proper in this case if there was no genuine issue of material fact and the City was entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. The burden was on the City to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. If the City made that showing, then the burden shifted to Chilton to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against him. Fincher v. Robinson BrothersLincoln-Mercury, Inc., 583 So.2d 256 (Ala. 1991). In determining whether there was a genuine issue of material fact, this Court must view the evidence in the light most favorable to Chilton and must resolve all reasonable doubts against the City. Because this action was not pending on June 11, 1987, the applicable standard of review is the "substantial evidence" rule. Ala. Code 1975, § 12-21-12. "Substantial evidence" is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
In order to establish the affirmative defense of contributory negligence, there must be a showing that the party charged had knowledge of the dangerous condition; that he appreciated the danger under the surrounding circumstances; and that, failing to exercise reasonable care, he placed himself in the way of danger. Bridges v. Clements, 580 So.2d 1346 (Ala. 1991); Knightv. Seale, 530 So.2d 821 (Ala. 1988). Although contributory negligence may be found to exist as a matter of law when the evidence is such that all reasonable people must reach the same conclusion, the question of the existence of contributory negligence is normally one for the jury. Bridges v. Clements;Knight v. Seale.
Viewing the evidence in the light most favorable to Chilton, as our standard of review requires us to view it, we cannot say, as a matter of law, that Chilton was contributorily negligent. Although the undisputed evidence shows that Chilton was aware of the danger posed by the power line, a question of fact for the jury exists as to whether he failed to exercise reasonable care in attempting to erect the poster. Chilton was an experienced billboard poster. He would have been justified under the well-established law in assuming that due care under the circumstances had been exercised in positioning the power line. See, e.g., Sullivan v. Alabama Power Co., 246 Ala. 262,267, 20 So.2d 224, 227 (1944), where this Court noted that the duty of an electric company, in conveying a current of high potential, to exercise commensurate care under the circumstances, requires it to insulate its wires, and to use reasonable care to keep them insulated, wherever it might reasonably be anticipated that persons, pursuing business or pleasure, might come into contact with them. See, also, AlabamaPower Co. v. Berry, 254 Ala. 228, 232, 48 So.2d 231, 234
(1950), where this Court stated that "[i]t is the duty of the electric company to use that degree of care commensurate with the risk and danger involved and the public has the right to assume that its high-voltage wires will not be negligently maintained." The evidence shows that Chilton, although aware of the danger posed by the power line, was not aware of the line's exact proximity to the *Page 825 
billboard just before he came into contact with it. Chilton's failure to realize the extent of the danger that he was in, although revealed by hindsight to be a costly error in judgment, was not unreasonable as a matter of law, especially in light of the fact that Chilton's supervisor, who had conducted periodic inspections of the company's billboards in an attempt to discover any safety violations, had never told Chilton not to work on the billboard in question. Furthermore, although he could not recall all of his actions immediately preceding the accident, Chilton testified that he was following a safe routine. In Alabama Power Co. v. Mosley, 294 Ala. 394,399, 318 So.2d 260, 263 (1975), this Court, quoting Dwight Mfg.Co. v. Word, 200 Ala. 221, 225, 75 So. 979, 983 (1917), stated:
 " 'Contributory negligence is not predicated solely on knowledge of the danger, and the certainty of injury to follow. If such were the rule, contributory negligence would be but a synonym for willful suicide or self-injury. If plaintiff had knowledge of facts sufficient to warn a man of ordinary sense and prudence of the danger to be encountered, and of the natural and probable consequences of his own conduct in the premises, then he was guilty of negligence if he failed to exercise ordinary care to discover and avoid the danger and the injury. 29 Cyc. 513, c; Id. 515, d; Sloss S.S. I. Co. v. Reid, 191 Ala. 628, 68 So. 136. See, also, Curtis On Law of Elec., §§ 531, 537.' "
(Emphasis added.)
We are aware of that line of cases involving electrical injuries in which we held that the plaintiff was contributorily negligent as a matter of law, Knight v. Alabama Power Co.,580 So.2d 576 (Ala. 1991); Campbell v. Alabama Power Co.,567 So.2d 1222 (Ala. 1990); Watters v. Bucyrus-Erie Co., 537 So.2d 24
(Ala. 1989); and Wilson v. Alabama Power Co., 495 So.2d 48
(Ala. 1986); and of that line of cases involving electrical injuries in which we held that contributory negligence was for the trier of fact, Electric Service Co. of Montgomery v. Dyess,565 So.2d 244 (Ala. 1990); Central Alabama Electric Co-op. v.Tapley, 546 So.2d 371 (Ala. 1989). If the Trial Bench and Bar and maybe even certain Justices on this Court (including the author of this opinion), since there were dissents on this issue in some of these cases, have difficulty in seeing the line that separates contributory negligence as a matter of law from contributory negligence as an issue of fact in cases involving electrical injuries, we can only state the obvious. Contributory negligence is an affirmative defense and the defendant bears the burden of proof as to that defense. On the motion for summary judgment, the City bore the burden of proving that all reasonable people must reach the same conclusion that Chilton had knowledge of the dangerous condition; that Chilton appreciated the danger under the surrounding circumstances; and that Chilton failed to exercise reasonable care under the circumstances. The City basically proved that an accident and an injury occurred; however, this was not sufficient, Mobile Press Register, Inc. v. Padgett,285 Ala. 463, 233 So.2d 472 (1970), unless the doctrine of res ipsaloquitur is applicable. Thompson v. Lee, 439 So.2d 113
(Ala. 1983). Res ipsa loquitur would be applicable only if the instrumentality causing the injury was in Chilton's exclusive possession and the injury would not have occurred absent Chilton's negligence. Thompson v. Lee, 439 So.2d at 115. As previously stated, we cannot say that it was unreasonable as a matter of law for Chilton to attempt to erect the poster. Although he does not know what happened, Chilton did testify that he was following a safe routine just prior to his injury. No one observed the accident. The physical evidence gathered after the accident indicates that the scaffolding came in contact with the power line approximately 6" from one end of the scaffolding. We are not persuaded that the doctrine of resipsa loquitur is applicable to the issue of contributory negligence in this case.
Admittedly, this is a close case; however, the evidence, and the reasonable inferences that may be drawn from the evidence, are not such that all reasonable people must *Page 826 
reach the same conclusion — that Chilton failed to exercise reasonable care under the circumstances. Accordingly, whether Chilton was negligent in attempting to erect the poster is a question for the jury.
For the foregoing reasons, we hold that the City was not entitled to a judgment as a matter of law; accordingly, the summary judgment is due to be reversed and the case remanded for further proceedings. Because of our disposition of this case, we find it unnecessary to consider the other issues raised by Chilton.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] Chilton also maintains that the City had enacted an ordinance prohibiting the construction of power lines within 10 feet of roadside billboards. Although this may be true, we can find no evidence in the record of such an ordinance. The record contains only a statement that was made by Chilton's attorney in his trial brief submitted in opposition to the City's motion for summary judgment, in which he purports to quote the ordinance.