This is an appeal from a judgment as a matter of law in favor of two defendants, Terry Tew and Debbie Tew (hereinafter referred to collectively as "the Tews"). Tommy R. Aplin, Jeffrey Aplin's father, acting as "guardian and next friend" sued the Tews, alleging that the Tews' negligence had resulted in serious injuries to Jeffrey Aplin.[1]
The trial court granted the Tews' motion for a judgment as a matter of law on the ground that Jeffrey Aplin was contributorily negligent.
 I.
On July 5, 1996, Brad Tew, the Tews' 14-year-old son, invited several schoolmates, one of whom was Jeffrey Aplin, to spend the night at his house. The boys were all between the ages of 13 and 14 years old. The boys obtained permission from their respective parents to spend the night at the Tews' house. After the boys arrived at the Tews' house, they sat around talking until late in the evening. Around 9:00 p.m., the boys decided that they wanted to shoot fireworks, and they asked Mr. Tew if he would drive them to Merritt's Fireworks so they could purchase fireworks.
Mr. Tew agreed, and he drove the boys to Merritt's. Mr. Tew stayed outside and talked with a friend while the boys went inside to purchase the fireworks. When Mr. Tew came into the store, the boys had picked out the fireworks they wanted to purchase and they were paying the cashier. The boys purchased both firecrackers and bottle rockets. After confirming that all of the fireworks had been paid for, Mr. Tew left the store with the boys. On the way back to the Tews' house they stopped at a store where each boy purchased a lighter to ignite the fireworks.
After Mr. Tew and the boys arrived back at the Tews' house, the boys began setting off the fireworks in the Tews' backyard. Mr. and Mrs. Tew, their daughter, Tonya, and Tonya's boyfriend Jody Medley, watched the boys light the fireworks. Mrs. Tew, Tonya, and Jody Medley eventually went inside, leaving the boys outside with Mr. Tew. The boys had some fireworks left, and Mr. Tew cut a strand of firecrackers so that the boys could light them individually instead of lighting all the firecrackers on the strand at one time. *Page 637 
Mr. Tew then went inside to tell his wife that he was going to the front yard with the boys.
The boys divided the firecrackers that had been cut from the strand and placed them in their pockets and in the waistband of their jeans. They walked around the side of the Tews' house toward the front yard, where they began to shoot bottle rockets. As Aplin was walking toward the front yard, one of the bottle rockets struck Aplin, igniting the firecrackers in his jeans and setting Aplin on fire. Aplin tried to put the fire out with his hands and, in his panic, fell through a glass door into the Tews' house. Jeffrey Aplin sustained first-degree, second-degree, and third-degree burns on his hands, lower stomach, groin, and thighs as a result of the accident.
On May 13, 1998, Tommy R. Aplin, as "guardian and next friend of Jeffrey Aplin," sued Terry Tew and Debbie Tew, alleging that the Tews were negligent in supervising the boys' purchase of the fireworks, negligent in that they helped the boys put the fireworks in their pants or allowed them to do so, and negligent in supervising the boys while they were setting off the fireworks. On July 8, 1998, the Tews filed an answer denying each and every allegation of Aplin's complaint and asserting the affirmative defense of contributory negligence. On February 23, 1999, the Tews filed an amended answer adding the affirmative defense of assumption of the risk.
On May 17, 2000, Aplin amended the complaint, adding Merritt's Fireworks, Inc., as a defendant and alleging that Merritt's negligently sold fireworks to a child under the age of 16 years in violation of § 8-17-222, Ala. Code 1975. On June 21, 2001, Merritt's filed a motion for a summary judgment, arguing that the boys had been accompanied to the store by Terry Tew, that the Merritt's store clerk recognized Tew as an adult, and, therefore, that Merritt's had not violated §8-17-222, Ala. Code 1975. On September 14, 2001, the trial court entered a summary judgment in favor of Merritt's.
Before trial, the Tews filed a motion to substitute Jeffrey Aplin as the plaintiff in the case because Aplin had reached the age of 19 years. The Tews' motion was not opposed by Tommy Aplin, and the case, with Jeffrey Aplin as the plaintiff, was tried on October 29 and 30, 2001. At the conclusion of Aplin's case, the Tews filed a motion for a judgment as a matter of law, seeking a dismissal of Aplin's claims on the grounds that Aplin failed to prove that they were negligent or, alternatively, that even if they were negligent Aplin was contributorily negligent and had assumed the risk. The trial court denied the Tews' motion for a judgment as a matter of law as to their contention that Aplin failed to prove negligence; however, the court granted the motion as to the issue of contributory negligence. Jeffrey Aplin appeals.
 II.
Aplin argues that the trial court erred in entering a judgment as a matter of law in favor of the Tews because, according to Aplin, the evidence did not indicate that he had a conscious appreciation of the danger presented by the firecrackers at the moment the incident occurred. Citing Central Alabama Electric Cooperative v. Janice C.Tapley, 546 So.2d 371, 381 (Ala. 1989), Aplin also argues that contributory negligence is a jury question where there is a scintilla of evidence to the contrary. (We note, of course, that the scintilla-evidence rule was abrogated by § 12-21-12, Ala. Code 1975, and has been replaced by the substantial-evidence rule.) Aplin contends that, because he did not consider the possibility that the firecrackers he had *Page 638 
placed in his waistband would be ignited by another firecracker ignited by the other boys, the question whether he was contributorily negligent should have been decided by a jury. A plaintiff cannot recover in a negligence action where the plaintiff's own negligence is shown to have proximately contributed to his injury, notwithstanding a showing of negligence on the part of the defendant. Watters v. Bucyrus-Erie Co.,537 So.2d 24 (Ala. 1989); Brown v. Piggly-Wiggly Stores, 454 So.2d 1370,1372 (Ala. 1984). The question of contributory negligence is normally one for a jury. However, where the facts are such that all reasonable persons must reach the same conclusion, contributory negligence may be found as a matter of law. Brown, supra; see also Carroll v. Deaton, Inc.,555 So.2d 140, 141 (Ala. 1989).
To establish contributory negligence as a matter of law, a defendant must show that the plaintiff put himself in danger's way and that the plaintiff had a conscious appreciation of the danger at the moment the incident causing the injury occurred. See Hannah v. Gregg, Bland Berry, Inc., [Ms. 1002094, April 26, 2002] 840 So.2d 839 (Ala. 2002);H.R.H. Metals, Inc. v. Miller, 833 So.2d 18 (Ala. 2002); and Hicks v.Commercial Union Ins. Co., 652 So.2d 211, 219 (Ala. 1994). Aplin testified that he had set off fireworks many times with his parents. In fact, Aplin testified that he and his family set off fireworks each year on New Year's Eve and on the Fourth of July and that they had done so for as long as he could remember. Aplin testified that the fireworks he and the other boys picked out were the same type he had set off before and that he knew what kind they were. Even more damaging, Aplin admitted on cross-examination that he knew that placing fireworks in his waistband was dangerous and that he knew the fireworks he had placed in his waistband would explode if they were ignited:
 "Q And you put those firecrackers in your pants, didn't you?
"A Yes, sir.
 "Q And the packages was still on those firecrackers, wasn't it [sic]?
"A Yes, sir.
". . . .
 "Q And you could read that label, couldn't you, if you wanted to?
"A Yes, sir.
 "Q And you were educated enough and you knew exactly what that label meant, didn't you?
"A Yes, sir.
"Q But you still put them in your pants; isn't that right?
"A Yes, sir.
 "Q And you knew before you put those firecrackers in your pants and those bottle rockets there as well, you knew that those were dangerous, didn't you?
"A Yes, sir.
"Q And you knew they would explode if ignited, didn't you?
"A Yes, sir.
 "Q And you knew that before you put them in your pants, didn't you?
"A Yes, sir."
Aplin countered by testifying that he had not read any of the labels on the firecrackers before he and the other boys started setting off the firecrackers. Aplin also testified that no adult suggested to him that he should read the labels on the firecrackers before igniting the firecrackers. However, based upon Aplin's earlier testimony, it is clear that he was aware, before he placed the firecrackers in the waistband of his jeans, that placing firecrackers in his clothing was dangerous *Page 639 
and that the firecrackers could explode if they were lit. The fact that Aplin did not contemplate the specific means of ignition does not save him from a finding that he was contributorily negligent as a matter of law. The evidence is undisputed that he placed himself in harm's way by putting firecrackers in his clothing while in the presence of ignited fireworks and that he was aware of the danger of such circumstances. Thus, the trial court did not err in concluding that Aplin was contributorily negligent.
Aplin further contends that even if this Court determines that Aplin was contributorily negligent, we should not hold Aplin to the same standard of contributory negligence to which we would hold an adult. Citing Lyle v. Bouler, 547 So.2d 506 (Ala. 1989), and Jones v. PowerCleaning Contractors, 551 So.2d 996 (Ala. 1989), Aplin argues that his young age at the time of the incident is an important factor when determining liability.
Aplin is correct that we apply a different standard to children below
the age of 14. A child between the ages of 7 and 14 is prima facie incapable of contributory negligence. Superskate, Inc. v. Nolen,641 So.2d 231, 236 (Ala. 1994); Savage Indus., Inc. v. Duke, 598 So.2d 856,858 (Ala. 1992). However, at the time of the accident, Aplin was already 14 years old and was about to enter the ninth grade. Thus, Aplin was capable of contributory negligence. Aplin's testimony indicates that he was aware before he placed the firecrackers in his waistband that doing so was dangerous and that the firecrackers would explode if lit.
The evidence indicates that Aplin had a conscious appreciation of the danger of placing firecrackers in his clothing before the accidental ignition occurred. The standard we apply to a judgment as a matter of law when contributory negligence has been raised as a defense is the functional equivalent of assumption of the risk. Justice Woodall's dissenting opinion effectively ratchets up that standard to clairvoyance as to the precise method by which the plaintiff will be injured from the admittedly known risk. Aplin's testimony indicates that he was sufficiently aware of the risk of injury; therefore, the trial court did not err in holding that Aplin was contributorily negligent and in entering a judgment for the Tews on that basis.
For the foregoing reasons the judgment in favor of the Tews is due to be affirmed.
AFFIRMED.
MOORE, C.J., and HOUSTON, SEE, BROWN, and STUART, JJ., concur.
JOHNSTONE, HARWOOD, and WOODALL, JJ., dissent.
[1] Jeffrey Aplin reached the age of majority while this case was pending in the trial court; at that time he was substituted as the plaintiff.