This is an appeal from summary judgments in favor of defendants B.S. Tomlinson, Allis-Chalmers, Inc. ("Allis-Chalmers"), and Deutz-Allis Corporation ("Deutz-Allis") in a suit for personal injuries brought by plaintiff James Rowden, a minor, who sues by and through his parents and next friends, Fred Rowden and Doris Rowden. We affirm.
Seventeen-year-old James Rowden was employed as a farmer's helper by Tomlinson; while on the job he was injured by a combining machine on Tomlinson's farm in Lauderdale County, Alabama, on June 10, 1987. The machine was owned by Tomlinson and had been manufactured by Allis-Chalmers. At the time of the accident, Rowden had been employed by Tomlinson for approximately two to three weeks.
The accident occurred while Tomlinson, Rowden, and Terry Rogers (also an employee of Tomlinson and the uncle of James Rowden) were using the combining machine, a 1974 Allis-Chalmers "Gleamer," to combine fescue grass. The forward movement of the combine was stopped when a mechanical problem developed with belts at the bottom of the machine. The motor continued to run, and the "auger"[1] mechanism, located in the grain bin atop the combine, continued to rotate. At this point, Tomlinson descended from the combine and knelt on the ground on the left side of the machine in an effort to repair the belts at the bottom. Rowden remained positioned near the grain bin atop the combine, eight feet above the ground. At this time the augers inside the grain bin continued to rotate. Rogers also remained on the combine, standing on the steps leading to the cab. While Tomlinson attempted to fix the belts, Rowden placed his hands and arms near the rotating augers and was pulled into the grain bin; he suffered personal injuries, the extent of which is not indicated by the record on this appeal.
Rowden sued Tomlinson, Allis-Chalmers, Inc., and Deutz-Allis, Inc., a/k/a Allis-Chalmers, Inc., on October 30, 1987, in the Circuit Court of Lauderdale County. The complaint was subsequently amended to name Deutz-Allis, Inc., to its true and corporate name, which is Deutz-Allis Corporation. Rowden asserted that his injuries were caused by the negligence and carelessness of Tomlinson; by the negligence and carelessness of Allis-Chalmers and Deutz-Allis; and by the negligence and carelessness of Allis Chalmers and Deutz-Allis in the manufacture and design of the combining machine.[2] Rowden *Page 17 
sought damages in the amount of $500,000. All defendants filed answers denying the material allegations of the complaint, denying guilt as to the allegations contained in the complaint, and pleading the defense of contributory negligence. Allis-Chalmers and Deutz-Allis also asserted the defense of assumption of risk.
Following discovery, separate motions for summary judgment were filed by Tomlinson on January 27, 1988, and by Allis-Chalmers and Deutz-Allis on February 9, 1988. After oral argument and two seven-day extensions for supplying material in opposition to the motions, the court entered separate summary judgments for the defendants on March 15, 1988. This appeal followed.
As grounds in support of their motions for summary judgment, Tomlinson, Allis-Chalmers, and Deutz-Allis allege that Rowden was contributorily negligent as a matter of law and was therefore barred from recovery.
The defense of contributory negligence is in essence based upon Rowden's deposition testimony. Rowden's testimony shows that on June 9, 1987, the day before the accident, Tomlinson, Rowden, and another employee were combining fescue grass on the same combining machine. During the course of their work the combine would become clogged with grass at the bottom of the machine, so that Tomlinson would have to stop the forward movement, climb down, and clear the clogged grass. Unless the machine was turned off, which was not the case on the occasion of the accident, the augers inside the grain bin at the top of the combine would continue to rotate when the forward movement of the machine was stopped.
Based on his experience with the combining machine, particularly on the day before the accident, Rowden acknowledges in his testimony that he was aware of the fact that when the forward movement of the combine was stopped, the augers inside the grain bin at the top of the machine would continue to operate. Rowden, moreover, testified that at the time of the accident the augers inside the grain bin were operating in plain and open view and that he knew the dangers involved in placing his hands near the moving augers:
 "Q You knew it was dangerous to put your hand around a moving auger, didn't you?
"A Yes, sir.
 "Q You don't say Mr. Tomlinson ought to have told you that. You had enough judgment to know that was dangerous, didn't you?
"Q Yes, sir.
". . . .
 "Q So at the time you realized that there was a risk involved if you should get your hand some way into contact with or touch or get it tangled up with the auger, didn't you?
 "A I never thought about it. I just reached in and got the seed — I mean the grass.
". . . .
 "Q You knew it was an opened, exposed auger, didn't you?
"A Yes, sir."
Rowden further testified that at the time of the accident he was lying across the cowling on top of the combine, removing grass stems from the auger. Rowden acknowledges that he had not been instructed to lie across the motor cover or to perform any work on top of the combine. Rowden also testified that he had never seen any other workers assume such a position. Although a rear platform was in place, where Rowden could have ridden, he testified that he would sometimes use the rear platform and would sometimes lie across the motor *Page 18 
cover next to the grain bin and remove stems from the grass seed.
It is apparent from this testimony that at the time of the accident Rowden knew that the auger mechanism was unguarded, open, and exposed. It is also apparent from his own testimony that Rowden was sufficiently familiar with the machinery to realize the danger involved in placing his hands in the vicinity of the moving parts.
The evidence shows that the rotating auger blades were open and obvious to Rowden's view and that he knew, understood, and appreciated their danger. The defendants argue that Rowden was contributorily negligent as a matter of law and thus was barred from recovery.
The law in Alabama is quite clear that while it is not a defense to a claim based on wanton misconduct on the part of the defendant, contributory negligence is a complete defense to an action based on negligence. Creel v. Brown, 508 So.2d 684
(Ala. 1987). In order to prove contributory negligence, the defendant must show that the party charged 1) had knowledge of the condition; 2) had an appreciation of the danger under the surrounding circumstances; and 3) failed to exercise reasonable care, by placing himself in the way of danger. Hatton v.Chem-Haulers, Inc., 393 So.2d 950 (Ala. 1980); Wallace v.Doege, 484 So.2d 404 (Ala. 1986).
Although ordinarily it is a question of fact for the jury, the question whether a plaintiff is guilty of contributory negligence becomes a matter of law, and therefore one for the court to decide, when the facts are such that all reasonable persons must draw the same conclusion therefrom. Gross v.Republic Steel Corp., 400 So.2d 383 (Ala. 1981). Summary judgment is properly granted where the moving party has demonstrated that there is no genuine issue of material fact and that he is entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.; Osborn v. Johns, 468 So.2d 103 (Ala. 1985).
Because of the foregoing, the summary judgments are due to be, and they are hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON, SHORES, BEATTY and HOUSTON, JJ., concur.
JONES, J., concurs specially.
[1] "[A] device consisting of a shaft with a broad helical flange rotating within a cylindrical casing to force bulk materials from one end to the other." Random House Dictionary of theEnglish Language, 98 (unabridged ed. 1973).
[2] Although the complaint never specifically invokes the doctrine, the following count sufficiently states a claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD"):
 "5. That due to the negligence and carelessness in the manufacture and design of the machine which is the basis of this lawsuit, the defendant, Allis-Chalmers, Inc., and Deutz-Allis, Inc., caused or contributed to the injuries sustained by the plaintiff."
Under Alabama's liberal view of "fair notice pleading," this allegation sufficiently states a cause of action under the AEMLD against the seller of the product. See, e.g., Peek v.Merit Machinery Co., 456 So.2d 1086 (Ala. 1984) (plaintiffs complaint in an AEMLD action not required to be a "model of pleading").