SAM A. BEATTY, Retired Justice.
The plaintiff, Perry S. Gradford, appeals from the trial court’s denial of his motion for a new trial. Gradford contends that he is entitled to a new trial because, he says, the trial court incorrectly charged the jury as to *146 his burden of proof. Our supreme- court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975. We affirm.
Gradford was injured on the job when the boom from a concrete pumping truck broke and fell onto him. Hé sued Nicholas Concrete Equipment Company, Inc. (“Nicholas”), alleging negligence and wantonness regarding its maintenance and inspection of the boom and its failure to warn him of danger. Gradford claimed compensatory and punitive damages. At the conclusion of the trial, the jury returned a verdict in favor of Nicholas. The trial court denied Gradford’s new trial motion.
The trial court charged the jury as follows regarding Gradford’s burden of proof:
“Members of the jury, the only determination you are to make during this phase of your deliberations is whether you are reasonably satisfied from' the evidence that the conduct of the Defendant proximately caused the Plaintiffs injuries. Though you may consider testimony that the Plaintiff was injured, you may not consider the issue of damages. Such a determination is proper if, and only if, you are reasonably satisfied that the conduct of the Defendant proximately caused the Plaintiffs injuries. • .
[[Image here]]
“So you have three potential causes of action based on your determination of what the evidence is: Failure to maintain the concrete pumper in question, failure to properly inspect the concrete pumper in question, and failure to warn.
“The Plaintiff has the burden of proving to your reasonable■ satisfaction the .truthfulness of at least one of the three theories set forth above. In each separate theory, the Plaintiff must prove to your reasonable satisfaction that the Defendant was negligent or wanton, and that such negligence or wantonness proximately caused the Plaintiffs injuries.
[[Image here]]
“The burden of proof is upon the Plaintiff to reasonably satisfy you by substantial evidence of the truthfulness of all of the material averments of one or more of his claims before he could be entitled to a recovery. If the Plaintiff has reasonably satisfied you by substantial evidence of the material elements of one or more of his claims, the Plaintiff is entitled to recover. If the Plaintiff has not reasonably satisfied you by the evidence, meaning substantial evidence, of the truthfulness of each and every element of one or more of his claims, he is not entitled to recovery.
“As to the, allegation of negligence, the burden is on the Plaintiff to prove each and every element of one or more of his claims by substantial evidence. Substantial evidence, members of the jury, is defined as evidence of such weight and quality that fair-minded persons, in the exercise of impartial judgment, can reasonably infer the existence of the fact sought to be proved.
“As you know, the Plaintiff has also alleged wanton conduct on the part of the Defendant, and that that wanton conduct also proximately resulted in his injuries. The law requires that the Plaintiff prove the material allegations of one or more of his wantonness claims by clear and convincing evidence. Clear and convincing evidence ■ means evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of á claim and a high probability as to'the correctness of the conclusion.
[[Image here]]
“I charge you, members of the jury, that if you are reasonably satisfied from the evidence that the Defendant was negligent, and that the Defendant’s negligence proximately caused the alleged injury, then your verdict must be for the Plaintiff. However, if you find that the Defendant was not negligent, or if you find that the Defendant’s negligence was not the proximate cause of the Plaintiffs injuries, then your verdict must be for the Defendant.
[[Image here]]
“I charge you, members of the jury, that if you are reasonably satisfied from the evidence in this case that the Defendant was negligent, and that the Defendant’s negligence occurred [sic] and combined *147 with the negligence of a third person not a party to this lawsuit to proximately cause the injuries claimed by the Plaintiff, that fact would not relieve the Defendant from liability for [its] own negligence, and the Plaintiff would be entitled to recover from the Defendant.
[[Image here]]
“This verdict form, members of the jury, is in the form of two questions. If, after a full and fair consideration of all of the evidence, you determine and are reasonably satisfied from that evidence that the Defendant was guilty of negligence as alleged by the Plaintiff, your foreperson would make a mark in the spot designated ‘yes.’ If, however, after a full and fair consideration of the evidence, and the just and reasonable inferences therefrom, you are not satisfied that the Defendant was guilty of negligence as alleged by the Plaintiff, your foreperson would mark the spot designated ‘no,’ and sign.
“Similarly, if, after a full and fair consideration of the evidence, and the just and reasonable inferences to be drawn therefrom, you are unanimously and reasonably satisfied from the evidence that the Defendant was guilty of ‘wantonness,’ as I have defined that term, and as has been alleged by the Plaintiff, your foreperson would obviously designate by putting a mark in the slot next to the word ‘yes,’ and sign there. Conversely, after — if, after a full and fair consideration of the evidence, and the just and reasonable inferences to be drawn therefrom, you are not unanimously satisfied that the evidence proved wantonness, then your foreperson would write or make a mark next to ‘no,’ and sign in the place designated.
“So, .in simple English, you are to determine from the evidence, and the just and reasonable inferences therefrom, whether the Plaintiff proved by substantial evidence the allegation of negligence, and you are to determine from a full and fair consideration of the evidence, and the just and reasonable inferences therefrom, whether the Plaintiff proved by clear and convincing evidence the wantonness alleged in the complaint. And then that verdict would be signed by your foreperson.”
(Emphasis added.)
After the court charged the jury, Grad-ford’s counsel objected to the charge, arguing that the judge had incorrectly charged the jury regarding the plaintiffs burden of proof. He contended that although the “substantial evidence” standard applied to the proof a plaintiff must present in order to defeat a directed verdict motion and to submit a case to the jury, the standard applicable to the proof needed to persuade the jury was that of “reasonable satisfaction,” and, therefore, that the trial court should not have used the term “substantial evidence” in its charge. He also contended that the burden of proof imposed on a plaintiff alleging wantonness was “reasonable satisfaction,” with the clear and convincing standard applicable only to the evidence supporting a claim for punitive damages. Gradford later presented the same arguments in his motion for a new trial.
Gradford argues that he is entitled to a new trial as a matter of law because, he says, the trial court gave the jury an incorrect and misleading charge as to the plaintiffs burden of proof.
A jury’s verdict is presumed correct, and that presumption is strengthened upon the denial of a motion for new trial. Paschal v. Nixon, 646 So.2d 110, 111 (Ala.Civ.App.1994). Whether to grant or to deny a motion for new trial is within the sound discretion of the trial court, and this court will not reverse that decision without a showing. of an abuse of discretion. Jones v. Butts, 646 So.2d 104 (Ala.Civ.App.1994). Our standard of review regarding the court’s charge to the jury is as follows:
“In a jury case, a party is entitled to have its case tried to a jury that is given the appropriate standard by which to reach its decision, and a wrongful refusal of a requested jury charge constitutes a ground for a new trial. An incorrect, misleading, erroneous, or prejudicial charge may form the basis for granting a new trial. However, the refusal of a requested, written instruction, although a correct statement of the law, is not cause for reversal on appeal if it appears that the same rule of law was substantially and fairly *148 given to the jury in the trial court’s oral charge. When examining a charge asserted to be erroneous, this Court looks to the entirety of the charge to see if there is reversible error.”
Shoals Ford, Inc. v. Clardy, 588 So.2d 879, 883 (Ala.1991) (citations omitted).
We first address Gradford’s argument that he was required to prove his negligence claims to the jury’s reasonable satisfaction, not by the standard of substantial evidence as the trial court instructed. See Alabama Pattern Jury Instruction 8.00. Gradford concedes, however, that he was required to present substantial evidence in order for his negligence claims to survive a defense motion for directed verdict and thereby reach the jury for its consideration. See § 12-21-12, Ala.Code 1975. “Substantial evidence,” as the trial court correctly-noted in its charge to the jury, is defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). Gradford cites Phillips Colleges of Alabama, Inc. v. Lester, 622 So.2d 308 (Ala.1993), in support of his argument'that the trial court erred by using the term “substantial evidence” in its charge. In Phillips, however, the appellant argued that the trial court’s failure to use the term “substantial evidence” was fatal to its oral charge. Our supreme court-stated:
“The question concerning the sufficiency of the evidence (i.e., whether it was of such ‘weight and quality’' that the jurors could reasonably infer from it that Lester had been defrauded) was a question of law and was therefore for the court to decide; the court answered that question when it ruled on the school’s motion for a directed verdict at the close of all the evidence. Throughout its oral charge, the trial court instructed the jurors that Lester bore the burden of reasonably satisfying them from the evidence that the school made a promise that it intended not to keep. Therefore, the trial court gave the jury the guidance it needed.”
622 So.2d at 314.
In Gradford’s case, as in Phillips, the trial court determined that the plaintiff had presented substantial evidence, and in each case the court submitted the plaintiffs claims to the jury. The Phillips court found no error in the trial court’s not using the term “substantial evidence” in its charge to the jury, but we do not interpret Phillips to hold that the term cannot be used. The trial court’s inclusion in its charge of the term “substantial evidence” — that term stating the legal test the plaintiffs evidence had been held to meet — was not error.
Nevertheless, assuming for the purpose of argument that the trial court erroneously used the term “substantial evidence” in its charge, we believe that any such error was harmless. We have examined the entirety of the court’s charge. The overall charge was not confusing; it provided the jury with ample guidance. We conclude that the trial court charged the jury on the appropriate standard by which it was to reach its verdict. We find no reversible error in the charge as a whole.
Finally, we find no merit to Grad-ford’s argument that he was not required to prove wantonness by clear and convincing evidence. Whether a defendant acted willfully, wantonly, or intentionally and, if so, is liable for such conduct, are questions for the jury when it is presented a claim for punitive damages. Shoals Ford, 588 So.2d at 884. In order for the jury to consider awarding punitive damages, the plaintiff must first prove willful, wanton, or intentional conduct and must prove it by clear and convincing evidence. § 6-11-20, Ala.Code 1975; Shoals Ford, 588 So.2d at 884.
Let the judgment be affirmed.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of. § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.