I would grant the application for rehearing in order to reverse the trial judge's denial of the defendant's motion for directed verdict based upon the defense of contributory negligence.
 "The law in Alabama is quite clear that while it is no defense to a claim based on wanton misconduct on the part of the defendant, contributory negligence is a complete defense to an action based on negligence."
Rowden v. Tomlinson, 538 So.2d 15, 18 (Ala. 1988); and see JohnR. Cowley Brothers, Inc. v. Brown, 569 So.2d 375 (Ala. 1990).
According to the record, Wyser had worked at the Metro Jail site for approximately six months before this accident and, therefore, knew his way around the work site. Wyser's supervisor told him not to turn off the power inside the work site, but to get another worker to turn the circuits off so that Wyser would not have to walk back to his work site in the dark. Nevertheless, on the day of the accident, Wyser left his work site and turned off the circuits by himself. Wyser knew that the result would be a dark building and that he would have to walk back to his work site in the dark. Wyser did not provide himself with a flashlight, but attempted to walk back to his work site in the dark. Wyser admitted that he made mistakes, e.g., turned too early and did not watch where he was walking. He was looking up when he entered the dark doorway to what he thought was the electrical room, but which was in fact the elevator shaft.
The evidence of contributory negligence in this case is clear and undisputed. Therefore, I would hold that the trial judge erred in denying the defendant's motion for a directed verdict. Accordingly, I would grant the application for rehearing.