ALMON, Justice.
This Court granted Perry S. Gradford’s petition for the writ of certiorari to consider his argument that the affirmance by the Court of Civil Appeals (Gradford v. Nicholas Concrete Equip. Co., 699 So.2d 145 (Ala.Civ.App.1996)) conflicts with several eases and statutes regarding a plaintiffs burden of proof. The circuit court instructed the jury that “The burden of proof is upon the plaintiff to reasonably satisfy you by substantial evidence ” as to Gradford’s negligence claim and that “The law requires that the plaintiff prove the material allegations of one or more of his wantonness claims by clear and convincing evidence” (emphasis added). The correctness of these two instructions is at issue.
The relevant portions of the jury instructions are quoted in the opinion of the Court of Civil Appeals, and we will not repeat them here, except for the concluding paragraph:
“So, in simple English, you are to determine from the evidence, and the just and reasonable inferences therefrom, whether the Plaintiff proved by .substantial evidence the allegation of negligence, and you are to determine from a full and fair consideration of the evidence, and the just and reasonable inferences therefrom, whether the Plaintiff proved by clear and convincing evidence the wantonness alleged in the complaint. And then that verdict would be signed by your foreperson.”
(Emphasis added.)
Instruction 8.00, Alabama Pattern Jury Instructions: Civil (2d ed.1993), reads:
“GENERAL DENIAL BY DEFENDANT
“The disputed issue(s) of fact to be decided by you in this case (is)(are) [state disputed issue(s)]. The burden is upon the plaintiff to reasonably satisfy you by ■the evidence of the truthfulness of the matters and things claimed by (him)(her) before the plaintiff would be entitled to recover.”
In 1987, the Alabama Legislature enacted Act No. 87-184, 1987 Ala. Acts, now codified at § 12-21-12, to abolish the “scintilla rule” of evidence and replace it. with the “substantial evidence rule.” Section 12-21-12 reads:
“(a) In all civil actions brought in any court of the State of Alabama, proof by substantial evidence shall be required to submit an issue of fact to the trier of the facts. Proof by substantial evidence shall be required for purposes of testing the sufficiency of the evidence to support an issue of fact in rulings by the court, including without limitation, motions for summary judgment, motions for directed verdict, motions for judgment notwithstanding the verdict, and other such motions or pleadings respecting the sufficiency of evidence.
“(b) The scintilla rule of evidence is hereby abolished in all civil actions in the courts of the State of Alabama.
“(c) With respect to any issue of fact for which a .higher standard of proof is required, whether by statute, or by rule or decision of the courts of the state, substantial evidence shall not be sufficient to carry the burden of proof, and such higher standard of proof shall be required with respect to such issue of fact.
“(d) Substantial evidence shall mean evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven. A scintilla of evidence is insufficient to permit submission of an issue of fact to the trier of facts.
“(e) This section shall not apply to any civil action pending in the courts of this state on June 11,1987.”
(Emphasis added.)
Clearly, the substantial evidence rule pertains only to “rulings by the court” on the sufficiency of the evidence as presented by motions for summary judgment or motions for judgment as a matter of law (the current terminology; see Rule 50, Ala. R. Civ. P.). No one would have -suggested be *151 fore the adoption of Act No. 87-184 that the burden of proof on a plaintiff was to “reasonably satisfy the jury by a scintilla of evidence”; the burden was simply to “reasonably satisfy you [the jury] by the evidence,” Instruction 8.00, Alabama Pattern Jury Instructions: Civil (1st ed.1974). That burden was not changed by the adoption of Act No. 87-184, as the pattern jury instruction committee apparently recognized when it did not change Instruction 8.00 in the second edition.
Because the definition in § 12-21-12(d) did not adequately define “substantial evidence” (if anything, it defines “conflicting evidence”), this Court in West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989), adopted the saving construction set forth by Justice Jones in his special concurrence in Rowden v. Tomlinson, 538 So.2d 15 (Ala.1988):
“Despite this literal inaccuracy, however, we understand the meaning of the statutory standard and its practical application: Substantial evidence is evidence of such quality and weight that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.”
538 So.2d at 19 (Jones, J., concurring specially).
The circuit court in this case used the following definition in instructing the jury:
“Substantial evidence, members of the jury, is defined as evidence of such weight and quality that fair-minded persons, in the exercise of impartial judgment, can reasonably infer the existence of the fact sought to be proved.”
Although this is a correct definition, it has no more pertinence to a jury instruction on the burden of proof than a definition of “scintilla” [1] would have had in an earlier case.
This Court has rejected an argument that a circuit court erred in not instructing a jury on the substantial evidence standard:
“We specifically reject the school’s contention that the court’s failure to use the words ‘substantial evidence’ was fatal to its oral charge.... The question concerning the sufficiency of the evidence (i.e., whether it was of such ‘weight and quality’ that the jurors could reasonably infer from it that [the plaintiff] had been defrauded) was a question of law and was therefore for the court to decide; the court answered that question when it ruled on the school’s motion for a directed verdict at the close of all the evidence. Throughout its oral charge, the trial court instructed the jurors that [the plaintiff] bore the burden of reasonably satisfying them from the evidence that the school made a promise that it intended not to keep. Therefore, the trial court gave the jury the guidance it needed.”
Phillips Colleges of Alabama, Inc. v. Lester, 622 So.2d 308, 313-14 (Ala.1993). Phillips Colleges is one of the cases Gradford says the Court of Civil Appeals opinion conflicts with. We agree that it conflicts, and we now hold that the contrapositive[2] of the holding in Phillips Colleges is also true: just as it is not error not to charge on “substantial evidence,” it is error to give a charge telling the jury that it must be “reasonably satisfied by substantial evidence.”
The giving of such a charge is error, both because the substantial evidence rule has no place in the jury’s deliberations and because the charge has a tendency to mislead and confuse the jury. Although the circuit court here instructed the jury on the legal definition of “substantial evidence,” the repeated use of that term may have confused the jury because of the ambiguity of the word “substantial.” “Substantial” may mean either “real, material, not seeming or imaginary” or *152 “considerable in amount, value, or worth.”[3] The former meaning seems to be what the “substantial evidence” standard requires for an affirmative ruling on the question of sufficiency of the evidence, but the latter meaning is one that is commonly understood. Thus, the jury might well understand “substantial evidence” to mean “more than a preponderance of the evidence.”
This possibility of confusion is exacerbated by the fact that the jurors will probably not know about the shift in Alabama law from the scintilla rule to the substantial evidence rule. When “substantial” is considered in relation to “scintilla,” the term requires only that the evidence be material, of some substance. A circuit judge ruling on a summary judgment motion or a motion for a judgment as a matter of law will know this distinction and will look for substantial evidence with the correct threshold in mind. A jury, not knowing that “substantial”' should be contrasted with “scintilla,” may well think that the requirement of “substantial evidence” requires the plaintiff to prevail by some margin of evidence greater than the mere preponderance of the evidence, which is the true burden of proof.
. The United States Supreme Court has noted this connotation of “substantial” in the context of a jury instruction in a criminal case. In Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), the Court held that an instruction attempting to define “reasonable doubt” violated the Due Process Clause of the Fourteenth Amendment. One of the terms used in the instruction was “an actual substantial doubt,” and the Court disapproved of the use of that term to define a reasonable doubt: “It is plain to us that the words ‘substantial’ and ‘grave,’ as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard.” 498 U.S. at 41, 111 S.Ct. at 329-30, 112 L.Ed.2d at 342.
For the foregoing reasons, we hold that the circuit court committed reversible error in instructing the jury that the plaintiffs burden was “to reasonably satisfy you by substantial evidence.” The judgment of the Court of Civil Appeals affirming the judgment for Nichols Concrete conflicts with Phillips Colleges of Alabama, Inc. v. Lester, 622 So.2d 308 (Ala.1993), and it incorrectly applies §. 12-21-12. The judgment of the Court of Civil Appeals is therefore due to be reversed on this ground.
We also hold that the jury instruction on wantonness was erroneous. The circuit court instructed the jury that, to recover under his -wantonness counts, Gradford was required to present clear and convincing evidence. On motion of the defendant, and apparently without objection from Gradford, the action was bifurcated so that Gradford’s claims were submitted to the jury for an initial finding of liability without an award of damages. Thus* there was no question at the time of punitive damages; the questions were simply whether Nichols Concrete was liable for negligence or not and whether it was liable for wantonness or not.
The “clear and convincing evidence” standard applies only to an award of punitive damages:
“Punitive damages may not be awarded in any civil action, except civil actions for wrongful death pursuant to Sections 6-5-391 and 6-5^410, other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud,- wantonness, or malice with regard to the plaintiff.”
Ala.Code 1975, § 6-ll-20(a) (emphasis added).
This Court has addressed the application of the “clear and convincing evidence” standard to the question whether to submit a wantonness claim to a jury:
“[B]y its very language, § 6-11-20 does not define the standard for determining whether a genuine issue of fact, material to *153 a claim alleged by the plaintiff, exists for the trial court to submit to the trier of fact; rather, it defines the standard of proof for determining whether the trier of fact 'has; or had, the authority to award punitive damages....
“If, for example, a plaintiff alleges a claim of wantonness and demands in the ad damnum clause of the complaint only compensatory damages, § 12-21-12 clearly applies, and the plaintiff, to defeat the defendant’s summary judgment motion, need only present substantial evidence creating a genuine issue of material fact. If, however, in the complaint the same plaintiff demands punitive, as well as compensatory, damages, does § 6-11-20 now apply, instead of § 12-21-12, to require the plaintiff to present clear and convincing evidence of wantonness to create a genuine issue of fact? The answer is ‘no.’
“... [Section] 6-11-20 establishes the degree of proof necessary to permit the trier of fact to award punitive damages. Just as, for example, a plaintiff must prove wantonness by a preponderance of the evidence to recover compensatory damages, the plaintiff must prove wantonness by clear and convincing evidence to authorize the trier of fact to award punitive damages.”
Hines v. Riverside Chevrolet-Olds, Inc., 655 So.2d 909, 925 (Ala.1994) (emphasis added). Although the Court in Hines was reviewing a summary judgment, the principles stated therein show why an instruction requiring clear and convincing evidence for a recovery under a wantonness count is erroneous.
A charge requiring a jury to find by clear and convincing evidence that the defendant is guilty of wantonness is clearly prejudicial to the plaintiff. In the first place, a plaintiff is entitled, as a matter of due process of law, to have each properly supported claim submitted to the jury with a correct statement of the applicable law. Moreover, the erroneous burden could prevent a jury from giving any recovery where the defendant has raised a defense of contributory negligence, which may j)ar a recovery in negligence but does not bar a recovery in wantonness.
For the foregoing reasons, the judgment is reversed, and the cause is remanded.
REVERSED AND REMANDED.
SHORES, KENNEDY, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX, HOUSTON, and SEE, JJ., dissent.

. "Pursuant to the scintilla rule, courts [were] bound to allow factual questions to go to the jury if the evidence or any reasonable inference therefrom contained] the merest gleam, glimmer, spark, the least particle or the smallest trace in support of the thcoiy of the complaint.” Ex parte Bagby Elevator & Elec. Co., 383 So.2d 173, 176 (Ala.1980).

. We caution that although contraposition is always true in logic, it is not always true in law: just because it is not error to refuse a charge does not mean that it is error to give it. The matter may be within the judge's discretion, for example.

. Webster’s Third New International Dictionary (Unabridged) (1976), includes the following definitions of "substantial": "la: consisting of, relating to, sharing the nature of, or constituting substance: existing as or in substance: MATERIAL ... b. not seeming or imaginary: not illusive: REAL, TRUE ... c. being of moment: IMPORTANT, ESSENTIAL ... 2c. considerable in amount, value, or worth <made a substantial gain on the transactions*.”